Mr. Chief Justice Johnson delivered the opinion of the Court. This case, on the motion of the appellees, was dismissed by the Circuit Court for the w'ant of jurisdiction. The ground relied upon was, that there was no law authorizing the appeal. The act of 4th January, 1849, declares “that appeals shall be granted from any final order, judgment, or decree of the Probate Courts of this State, to the appropriate Circuit Courts, in the same manner as they are now allowed in certain cases from the Probate Court;” and “that appeals shall be granted from all orders or judgments of the County Court making allowances, or refusing to make allowance, to any individual or individuals, made in the County Court;” and “that, before such appeals shall be allowed, the party applying for the same shall make and file his affidavit, or the affidavit of some other person, that said appeal is not taken for delay, but that justice may be done; and a bond conditioned for the payment of all costs for which the applicant may be liable.”- There can be no question in regard to the right of appeal, in the case before us, but it is not so certain that the appellant did comply with the conditions annexed by the statute in order to enable him to enjoy the benefit of the right thus secured. It is by this act that the light is conferred, and the legislature possessed the undo ibte . power to impose such restraints upon its exercise as in their wisdem might seem just and proper. They have seen fit to require, ; s conditions precedent to the exercise of the right of appeal, that the party applying for the same shall make and file his affidavit, or the affidavit of some other person, that said appeal is not taken for the purpose of delay, but that justicp may be done, and a bond conditioned for the payment of all costs for which the appellant may be liable. These are restraints imposed upon the right, each of which must be removed before it can be exercised. It appears, from the record, that the appellant filed his affidavit in strict conformity to the act, but that he wholly failed to file any bond whatever. The Circuit Court, in the absence of .such bond, could not legally take cognizance oí the case, and consequently decided correctly in dismissing it. But, it having been dismissed for the want of the necessary steps in the Probate Court to enable the Circuit Court to exercise jurisdiction, it was clearly error to render a judgment for costs against the appellant. The judgment of the Circuit Court, for this error, must be reversed, and the cause remanded, with instructions to dismiss the cause but without any judgment for costs.