## HILL ET AL. vs. WRIGHT, WILLIAMS & Co.

Any question that could be raised upon the overruling of a demurrer to some of the counts of a declaration, is waived by afterwards pleading to the whole declaration.

The obligation of principals to reimburse to securities the money paid by them, is not founded on the bonds which securities give for their principals, but on the express contracts of indemnity which the parties make, or upon the implied promises raised by the law upon the payment of money for another at his request.

To refuse an instruction asked for soon after the court had refused one deemed deficient in form but containing the same legal principle, because tendered after the time fixed by the court for the presentation of instructions, is not a proper exercise of the discretion of the court, where the giving it could not injure the opposite party, and refusing to give it was to deprive the party of the application of a legal principle to which he was entitled by the facts of the case.

## Appeal from Ouachita Circuit Court.

Hon. LEN B. GREEN, Circuit Judge.

GALLAGHER and KNIGHT, for the appellant.

FARRELLY & FINLEY, for appellees.

Mr. Justice FAIRCHILD delivered the opinion of the court.

In 1853, the steamboat D. S. Stacy was attached in New Orleans in several suits for violation of contracts of affreightment, and to relieve her from seizure, Ezra Hill and James Vaughan, part owners of the boat, procured Wright, Williams & Co. and Frellson to enter into the bonds required by the Louisiana laws. Judgments were entered against the boat and owners, in the district courts of New Orleans, and upon appeal bonds being given by the same sureties, suspensive appeals were allowed against the judgments, which, in due course of legal proceeding, were affirmed in the Supreme Court of Louisiana. The result of the whole litigation to Wright, Williams & Co. and to Frellson was, that they became liable to pay, and did pay the large sums that were adjudged against the boat and owners; Wright, Williams & Co. paying one half, and Frellson the other half of these liabilities.

To recover the amount that Wright, Williams & Co. had thus paid for the liabilities of the steamboat D. S. Stacy, the surviving members of the firm brought this suit, an action of assumpsit, against Hill, Vaughan, Lovetzer and Austin, owners of the boat, in the Circuit Court of Ouachita county.

The declaration contained as many special counts as there were alleged judgments, and payments thereof by the plaintiffs as securities for the owners of the boat, and common counts for moneys paid to the use of the defendants.

Hill and Vaughan defended the suit by separate pleas of non-assumpsit, and judgment was rendered against them upon the verdict of the jury, a discontinuance having been taken as to Lovetzer and Austin, who were not served with process. Vaughan alone appealed, and having died during the pendency of the suit here, it has been revived in the name of his administrator.

We pass by the arguments that the special counts of the declaration are insufficient, and that a recovery cannot be sussustained upon the common counts, because we dissent from the latter conclusion, and because any questions that could be raised upon the demurrer to the special counts were waived by pleading to the entire declaration after the demurrer was overruled.

Wright, Williams & Co. and Frellson were each liable for the whole amount of the several judgments rendered in the Louisiana courts, because such was the effect of their bonds; and if there were no other evidence than the records of those judgments and of their satisfaction by the securities, it would be inferred that the principals, that is, the owners of the D. S. Stacy, would each be liable to the several securities for the sums respectively paid by them. But the obligation of principals to re-imburse to securities the money paid by them, is not founded on the bonds which securities give for their principals, but on the express contracts of indemnity which the parties make, or upon the implied promise raised by the law upon the payment of money for another at his request.

It is fully established by the testimony in this case, that Wright, Williams & Co. became securities upon the different bonds in the litigation about the steamboat D. S. Stacy, at the instance, for the benefit and upon the responsibility of Ezra

Hill alone; that they refused to become bound for James Vaughan, or to enter into a bond for Hill till Vaughan should also procure security for himself. Frellson also became security in the New Orleans suits at the request of Vaughan, and refused to undertake that responsibility till it was ascertained that Wright, Williams & Co. would assume and discharge the liabilities of Hill. And in pursuance of this condition of things when the end of the litigation resulted in fastening upon the securities the responsibilities of the D. S. Stacy, Wright, Williams & Co. discharged one half of them for Hill, and Frellson the other half for Vaughan.

It was Frellson's good fortune that his principal paid him all that he was obliged to pay upon the different judgments mentioned in the record; but the ill fortune of Wright, Williams & Co. in not being repaid by Hill, does not maintain their claim for satisfaction of their payments for him from Vaughan, for whom Wright, on behalf of the firm, refused to assume any responsibility, although this was never asked of Wright, Williams & Co. by Vaughan, so far as the record shows.

Wright, Williams & Co. may recover of Hill for their advances for him, but cannot recover them from Vaughan.

The instructions given for the plaintiffs, or refused to the defendant Vaughan, inconsistent with the foregoing declaration of the law of this case, were injurious to Vaughan and erroneous against him, for which the judgment must be reversed.

It follows that the court erred in giving the first instruction asked by the plaintiffs, and in refusing to give the principle of the fifth instruction asked by Vaughan. Conceding that the form of Vaughan's fifth instruction was subject to the criticism which this court gave in *Floyd vs. Ricks*, 14 *Ark.* 295, in *The State Bank vs. McGuire*, *Ib.* 537, and *Burr vs. Williams*, 20 *Ark.* 188, to instructions not hypothetically stated, which is hardly required of us, the additional instruction asked by the defendants as its substitute was unobjectionable in form, and

in accordance with the law as herein declared.  This does not seem to have been denied by the court; but the instruction was refused because it was tendered after the time fixed by the court for the presentation of instructions.  This instruction was asked for soon after the court had refused the instruction containing the same legal principle, but deemed deficient in form, and the court should have used its discretion so as to give the parties the benefit of a legal instruction to the jury.  Giving it could not injure the opposite party, refusing it was to deprive Vaughan of the application of a legal principle to which he was entitled by the facts of the case.

We have not overlooked the fact that the court refused to give the 9th, 10th and 11th instructions of the plaintiffs which announced a contrary doctrine, and that in giving the third instruction of Vaughan a principle was announced directing the jury towards the same conclusion reached in the additional instruction, but in the probable confusion of mind which might fall upon the jury from the numerous and conflicting instructions asked for by the parties, we must perceive that the refusal of the court to give the clear and pointed additional instruction would tend to mislead the jury and prejudice the interest of Vaughan.