STIEFFEL et al. v. TOLHURST et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. CORPORATIONS—DIRECTORS—ANNUAL REPORT—FAILURE TO FILE — CORPORATION CONTRACT—LIABILITY.

Under the stock corporation law (Laws 1892, c. 688, amended Laws 1897, c. 384), requiring corporations to file annual reports, and declaring that on failure to do so the directors become jointly and severally liable for all existing debts of the corporation, the directors of a corporation which failed to comply with the act were liable for an indebtedness arising after the passage of the act for rent under a lease executed prior to its passage.

2. SAME—STATUTES—IMPAIRMENT OF CONTRACT—CONSTITUTIONALITY.

The statute was not invalid as changing the status of the parties to the contract, as the contract of the corporation remained in force, and the statute merely imposed a penalty, to the amount of the indebtedness, on its directors for failing to perform an official duty.

3. SAME—RETROACTIVE LEGISLATION.

The directors' liability being in the nature of a penalty imposed for failure to perform a duty accruing after the passage of the act, the statute was not retrospective, though the contract under which the corporate indebtedness arose was executed prior to the statute.

4. SAME—DISSOLUTION OF CORPORATION.

The subsequent dissolution of the corporation did not relieve the directors of the penalty so incurred.

5. SAME—SET-OFF.

The directors were entitled to allege as a defense that under such lease the plaintiff had failed to make certain repairs on the premises, which he had covenanted to do, whereby the corporation was compelled to expend a certain amount in making such repairs.

Appeal from special term, New York county.

Action by Caroline Roosevelt Stieffel and others against Charles H. Tolhurst and others. From a judgment sustaining demurrers to certain defenses contained in defendants' answer, defendants appeal. Judgment modified.

See 66 N. Y. Supp. 538, 67 N. Y. Supp. 274.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, HATCH, and LAUGHLIN, JJ.

William C. Wolf, for appellants.
Wolcott G. Lane, for respondents.

INGRAHAM, J. This action was brought to recover the rent due under a certain lease made by the plaintiffs to a corporation originally incorporated as the L. J. Wing Company, and now known as the Manhattan Machinery Company. The complaint alleges that on the 5th day of March, 1894, the plaintiffs rented to this corporation certain premises known as No. 109 Liberty street, in the city of New York, for a term of five years from May 1, 1894, to May 1, 1899, the rent for the first four years to be $5,000 per annum and for the last year to be $5,500, payable in equal monthly payments in advance; that in and by said lease the said L. J. Wing Company covenanted to pay the said rent as in the lease provided and the Croton water charges on the said premises; that the said corporation continued in the possession of the premises down to the completion of the term, May 1, 1899; that the said corporation became indebted under said lease for rent of the premises aforesaid from October 1, 1898, until May 1, 1899, aggregating the sum of $3,262.83; that during the period that this rent became due from the defendant corporation the defendants were directors thereof; that by the provisions of sections 30–60 of the stock corporation law (chapter 688, Laws 1892, as amended by chapter 384, Laws 1897), the said corporation was required to file a report for the years 1897, 1898, and 1899, and for its failure to do so the directors thereof became jointly and severally liable for all existing debts of the said corporation. These defendants answered separately, setting forth several separate defenses, to which the plaintiff demurred as insufficient, which demurrer was sustained by the special term. After the demurrer was interposed the parties to the action stipulated that the demurrer to the defenses contained in the answer of the defendant Levi J. Wing alone should be argued, and that the decision of the court thereon shall be equally binding and conclusive as to the other defendants. We will consider, therefore, upon this appeal, the answer of the defendant Wing.

No question is made as to the form of the demurrer, and it will therefore be considered as sufficient to raise the question as to the sufficiency of the several defenses demurred to. The defendant on this appeal attacked the complaint as not alleging facts sufficient to constitute a cause of action, upon the familiar rule that, where there is a demurrer to separate defenses set up in the answer, the defendant may attack the sufficiency of the complaint, and, if there is no cause of action therein alleged, the sufficiency of the defendant's demurrer

will not be considered. The section of the statute under which the plaintiff seeks to recover provides that:

"Every domestic stock corporation and every foreign stock corporation doing business within this state * * * shall annually, during the month of January, or, if doing business without the United States, before the first day of May, make a report as of the first day of January. * * * If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made."

The amendment imposing this duty went into effect May 7, 1897. Section 60 of the same statute provides:

"Except as otherwise provided in this chapter, the officers, directors and stockholders of a foreign stock corporation transacting business in this state * * * shall be liable under the provisions of this chapter in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation, * * * for the failure to file an annual report. Such liabilities may be enforced in the courts of this state in the same manner as similar liabilities imposed by law upon the officers, directors and stockholders of domestic corporations."

The lease under which the obligation of the corporation arose is alleged in the complaint to have been executed on or about the 5th day of March, 1894, the term to be five years from the 1st day of May, 1894; and the indebtedness to recover for which this action was brought was for rent which became due on October 1, 1898, and the subsequent months. The lease was executed prior to the time that the provisions sought to be enforced became a law, but the indebtedness arose after that date. The default of the corporation was in failing to file the report required to be filed by the statute; the complaint alleging that the corporation made no report for the years 1897, 1898, or 1899, nor did either of the defendants make and file the certificate provided for by section 30 of the stock corporation law.

The first question presented is whether an indebtedness which arose after the passage of the act, for rent of premises under a lease executed prior to its passage, is within its provisions imposing upon the directors of the corporation the joint and personal liability for the corporation's indebtedness. The statute requires the corporation to make a report as of the 1st day of January in each year, and provides that, if such a report is not so made and filed, all the directors shall be jointly and severally liable for all the debts of the corporation then existing and for all contracted before such report shall be made. It is well settled that this is a penalty imposed upon the directors of the corporation for failure to perform a duty imposed upon them by law. I imagine, if by this statute the penalty was a fixed sum to be paid to the state or to the creditors of the corporation, there would be no doubt as to the liability of the directors for the failure of the corporation to comply with this mandatory provision of the statute. It would certainly then be immaterial as to when the indebtedness of the corporation arose, or as to whether or not the contract under which the obligation of the corporation existed before or after the passage of the act. The statute, however, does not impose as a penalty upon the directors in default a fixed sum, but provides that the penalty shall be the amount of the existing indebtedness of the

corporation at the time of the failure to file the report, and all such indebtedness as shall be contracted subsequent to that time and before a report is actually filed. The time when an obligation of the corporation became an indebtedness of the corporation, or the date of the execution of the contract under which the corporation became indebted, would seem to be entirely immaterial. The amount of the penalty is fixed as the actual existing indebtedness of the corporation at the time of its failure to file the report. Upon May 1, 1899, the corporation was indebted to the plaintiff in this sum of money, the corporation had failed to file its report as of January 1, 1899, and under the statute the defendant then became liable to the plaintiff.

The case of Close v. Potter, 155 N. Y. 145, 49 N. E. 686, has no application. That action was under the provisions of the stock corporation law making the stockholders liable to the corporation for the amount of the capital stock not actually paid in; Judge Bartlett saying:

"The liability of stockholders differs from that of officers of a corporation who have neglected to file annual reports, in that the latter is in the nature of a penalty. The statutory obligation which a stockholder assumes becomes a part of the contract made by the company with its creditors until the corporation is so far organized and completed that its stock is subscribed for and paid in, at which time the statute relieves the stockholder from further liability. Until that time his relation is deemed contractual."

But in case of a failure to file an annual report the default arises upon the failure of the corporation to comply with the statute, and the amount of the penalty is fixed as the amount then owing by the corporation or which shall become due prior to the time that the report is actually filed. We agree that the act cannot have a retrospective effect, and cannot impose a penalty for a failure to file a report prior to its passage; nor could it make the directors liable for an indebtedness which existed prior to the passage of the act, but which had ceased to be an indebtedness of the corporation; but the legislature had the right to impose a duty upon the corporation to be performed in the future, and to impose a penalty for the nonperformance of that duty. The law imposing the penalty for the failure of the corporation to comply with its mandate does not create an indebtedness to the plaintiff, but fixes the penalty imposed upon the directors as the amount of the debts of the corporation actually existing at the time of the failure to comply with the provisions of the act, whether these debts were made before or after the passage of the act; and as such, therefore, we think it is entirely prospective.

Nor did the amendment of 1897 purport to change the status of the parties to the contract. These parties were the corporation and the lessors. Their contract remained in force, and was in no way affected by the statute. All that the statute did was to impose a penalty for the failure of the corporation to perform the duty imposed upon it, and fixed the amount of the penalty as the amount of the indebtedness of the corporation existing at the time of the failure to perform the duties imposed by the statute. The cases of Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, and Marshall

v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, have no application, as neither of them was an action to recover a penalty under the provisions of this section of the act. There is nothing in the statute which requires as a condition precedent to the right to recover that the corporation should be insolvent. We think, therefore, that the complaint alleged a good cause of action.

This conclusion is an answer to the contention of the defendant that the provision in question is unconstitutional. The point that defendant makes in that respect seems to be that the statute, being retrospective, imposing a penalty, is in violation of the constitution of the United States; but, as we have before indicated, there is nothing retrospective about the penalty, as it is imposed for a failure to perform a duty imposed by law after the passage of the act.

One of the defenses demurred to alleges that on the 11th day of September, 1899, after the last rent sought to be enforced in this action became due, and after the default had been incurred by the failure of the directors of this corporation to file a report, a receiver of the corporation was appointed in the state of New Jersey, the state wherein the corporation was incorporated; that thereby the corporation became wholly dissolved, and said corporation had ceased long prior to September, 1899, to transact business or to exercise any of the corporate functions; and that the corporation has never at any time since transacted any business or exercised any of its corporate functions, but has remained wholly dissolved. It is quite clear that this is no defense, as to make it at all relevant it was necessary to allege that at a time before it became the duty of the corporation to file a report the failure of which imposed this penalty upon the directors, the corporation had been dissolved. This subsequent dissolution cannot relieve these directors of the penalty imposed by law for its failure to perform this duty imposed upon the corporation.

The answer also alleged as an affirmative defense that by the lease sought to be enforced in this action the plaintiff covenanted and agreed to provide a concrete floor for subbasement and to make certain repairs throughout the building; that the plaintiff failed and refused to make the repairs provided for in the lease and other repairs agreed to by them to be made; and on account of the failure and refusal of the plaintiffs to carry out the covenants in the said lease the said corporation was obliged to expend large sums of money for repairs, and were unable to occupy for a considerable period of time parts of the premises by said lease demised, and the said company suffered loss of large sums of money and were damaged to the sum of $3,500, all as the result of the failure and refusal of the plaintiffs to carry out the covenants under the said lease; and the defendant counterclaims, offsets and recoups the said sum of $3,500 damages against any claim whatsoever the plaintiffs may have against the defendants.

I am inclined to think that it was error to sustain the demurrer to this defense. The penalty imposed upon these defendants is that they are liable for the debts of the corporation then existing.

If the plaintiffs had, in consequence of their failure to perform a covenant under this lease, become indebted to the corporation, which indebtedness the corporation would be entitled to offset against the claims of the plaintiffs for rent, I can see no reason why the directors, when called upon to pay the indebtedness of the corporation, should not be at liberty, as a defense to the action, to show that as a fact the corporation was not indebted to the plaintiffs for rent, for the reason that the plaintiffs had incurred obligations to the corporation under the lease which wiped out such indebtedness. It is the debt due by the corporation that is imposed as a penalty; and if the debt was subject to an offset which would have wiped out the indebtedness, so that, as between the corporation and the plaintiffs, there was nothing due, it seems to me clear that the defendants were entitled to show that fact, and that the claim of the defendant was not an existing indebtedness of the corporation when the default occurred. It is well settled that a judgment against a corporation is not evidence of the indebtedness of the corporation as against the directors, and that to recover against the directors the plaintiff must prove the debt. Allen v. Clark, 108 N. Y. 269, 15 N. E. 387. If, as a fact, no debt existed, because of the offset in favor of the corporation against the plaintiffs, there was no existing debt in favor of the plaintiffs for which the directors became jointly and severally liable.

I think, therefore, that the judgment appealed from should be modified by overruling the demurrer to the separate defense alleged in the answer of the defendant Levi J. Wing as the fifth defense, with leave to the plaintiffs to withdraw such demurrer, and with leave to the defendants to amend their answer, and, as thus modified, affirmed, without costs. All concur.