## No. 9065.

### THE PEOPLE EX REL. v. ESCHEMAN.

1. STATUTES—*Construed.* Section 3 of chapter 104 of the Laws of 1915 provides for the election of directors of the irrigation districts and prescribes as one of the qualifications of the elector, that he shall have paid a tax upon property within the district, "during the year preceding the election." The year so prescribed is the twelve months, and not the calendar year, preceding the election.

2. IRRIGATION DISTRICTS—*Election for Directors—Qualification of Voters.* One otherwise qualified who, within the twelve months next preceding has paid a tax upon property located within the district is entitled to vote.

3. STATUTES—*Construction.* Statutes providing for the election of any municipal corporation, e. g., an irrigation district, should be liberally construed, so as to extend to the property owners a voice in the affairs of the locality.

*Error to Costilla District Court, Hon. A. Watson McHendrie, Judge.*

Department.

Mr. JOHN I. PALMER, District Attorney; Mr. F. B. WEBSTER and Messrs. MELVILLE & MELVILLE, for the People.

Mr. ELIAS H. ELLITHORP, for defendant in error.

Opinion by Mr. Justice Teller.

THIS was an action under chapter 28 of the Code to remove defendant in error from the office of director of an irrigation district, and to seat in his place one who was the opposing candidate at the district election in December, 1915. It is stipulated that if the words "year preceding" in section 3 of chapter 104 of the Session Laws of 1915, mean the twelve months immediately preceding the date of the election, or during the calendar year of 1915, the defendant in error should be declared elected; but if those words mean the calendar year of 1914, then the relator Grimwood should be declared elected to said office.

The law provides that district elections shall be held on the first Tuesday after the first Monday in each year (Sec. 3445, R. S. 1908):

For the plaintiff in error it is urged that the word "year" used in a statute is ordinarily considered to refer to a calendar year beginning January 1, and ending December 31.

We think the words in the statute in question mean the

preceding twelve months, and not the preceding calendar year. This construction appears better to effect the purpose of the act than would the other construction. There is no apparent reason why a property owner in the district who has paid taxes on property therein during the year 1915, should be denied the right to vote, because, perchance, he purchased the property in 1914 after the taxes had been paid. The law should be liberally interpreted to give the owners of land in the district, who possess the qualifications named in the act, a voice in the affairs of the district, and so effect the evident purpose of the legislature.

The act of 1915 removed some of the restrictions on voters which were imposed by the law of 1907, thus enlarging the class entitled to vote at district elections; and to hold that the same act, by the words quoted, restricts the right to vote to those who have paid taxes eleven months or more before the election is to narrow the right without any good reason therefor. The words "preceding year" have been given the construction here given to them in *Bovee v. Boyle,* 25 Colo. App. 165, 136 Pac. 467.

The judgment is affirmed.

Chief Justice White and Mr. Justice Hill concur.