## No. 11,401.

SHERMAN, ET AL. *v.* J. S. BROWN MERCANTILE COMPANY.

Decided November 23, 1925.

Action against the officers of a corporation to recover upon alleged debts of the company.  Judgment for plaintiff.

### *Reversed,*

### *On Application for Supersedeas.*

1. CORPORATIONS—*Judgment—Debt—Statute.*  While a judgment is a "debt," it is not a "debt contracted," as that term is used in section 2312, C. L. '21, concerning liability of officers for corporate debts.

2. *Liability of Officers—Statute.*  Section 2312, C. L. '21, concerning liability of officers for corporate debts is penal in character and must be strictly construed.

3. *Liability of Officers—Annual Report—Time for Filing—"Year next Preceding."*  The words "year next preceding" as used in section 2312, C. L. '21, concerning liability of officers for corporate debts, does not mean the calendar year beginning January 1, and ending December 31, but the year preceding the expiration of 60 days after January 1.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. F. T. JOHNSON, for plaintiffs in error.

Mr. FREDERICK P. CRANSTON, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

This is an action brought by a creditor of the Big Thompson Hotel and Development Company against the officers and directors of the corporation personally to recover upon an alleged debt of the corporation. It is an action sought to be maintained under section 2312, C. L. 1921, which provides, among other things, that if any corporation shall fail, refuse or omit to file the annual report, described in that section, within the time prescribed, "all the officers and directors of said corporation shall be jointly and severally and individually liable for all debts of such corporation * * * that shall be contracted during the year next preceding the time when such report should by this section have been made and filed, and until such report shall be made and filed." There was a judgment for plaintiff against all defendants. Four of such defendants have sued out this writ of error, and apply for a supersedeas.

Error is assigned to the overruling of the demurrer to the complaint. The first ground of the demurrer was that the complaint does not state facts sufficient to constitute a cause of action against said defendants or either of them.

The complaint alleges that on February 3, 1923, the corporation executed and delivered its promissory note to plaintiff, due July 1, 1923, and that no part of said note was paid at maturity or at any other time. It is further alleged that on September 17, 1923, plaintiff obtained a judgment against the corporation upon the note.

The contention of plaintiff in error is that a judgment is not a debt contracted, within the meaning of the statute.

It is fairly well settled that a judgment is a "debt" within the meaning of statutes such as ours. 14A, C. J. 204. Our statute, however, does not use the word "debt" alone. It imposes the liability for "debts * * * that shall be contracted" during the statutory period. A judgment is not a "debt contracted." In 10 Cyc. 859, it is said that a judgment is not a debt within the meaning of the statute if the statute uses the words "debt contracted." This question is elaborately discussed in *Weber v. Draper,* 170 Mich. 550, 136 N. W. 596, Ann. Cas. 1914B, 149, which

reaches the conclusion above announced. We agree with the reasoning and the decision in that case. The statute is penal and must be strictly construed. *Colorado Fuel & Iron Co. v. Lenhart,* 6 Colo. App. 511, 515, 41 Pac. 834; *Bovee v. Boyle,* 25 Colo. App. 165, 171, 136 Pac. 467.

As holding to the contrary, defendant in error cites *Tabor v. Commercial National Bank,* 62 Fed. 383, 10 C. C. A. 429. That case simply holds that under our statute a judgment is a debt. It was admitted in that case that the indebtedness was incurred at a time when the officers and directors were liable, and the judgment was held to be the evidence of the debt. No other cases are cited by defendant in error. Cases on the precise point in question are collected in 14A C. J. 204, note 5, and 10 Cyc. 859, note 75, and all of them appear to sustain the conclusion above announced.

The defendant in error further contends that if the complaint is bad as counting on the judgment, it is still good as one being predicated on the promissory note. The note was made and executed on February 3, 1923. The contention of defendant in error is apparently made under the assumption that February 3, 1923, falls within the statutory period of defendants' liability, and that assumption is incorrect. The statute says that the officers and directors shall be liable for all debts "contracted during the year next preceding the time when such report (the annual report) should by this section have been made and filed." The report may be filed at any time within sixty days after January first of each year. The words "year next preceding" as used in the clause above quoted does not mean the calendar year beginning January 1 and ending December 31. It means the year preceding the expiration of the sixty days after January 1st. This has been expressly held in *Bradford v. Gulley,* 10 Colo. App. 146, 148, 50 Pac. 314. It was again so held in *Bovee v. Boyle, supra,* and such construction of the words "preceding year" was approved in *People, ex rel. v. Escheman,* 63 Colo. 227, 229, 165 Pac. 260. Therefore, the defendants in the instant case having failed to file the annual report on March 1, 1924, as it is alleged,

were liable for debts of the corporation incurred during the year preceding March 1, 1924. It is obvious that February 3, 1923, is not within that year.

For reasons above indicated, it was error to overrule the demurrer. The judgment is reversed, and the cause remanded with directions to sustain the demurrer.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.