## No. 11,391.

## WASHINGTON SECURITIES Co. *v.* GOODSTEIN.

Decided April 19, 1926.   Rehearing denied May 17, 1926.

Action against a director to recover for a debt of the corporation.   Judgment for defendant.

### *Affirmed.*

1.  LEASE—*Rent—Debt Due.*  Indebtedness under a lease exists when the rent falls due, rather than at the time of the execution of the lease.

2.  CORPORATIONS—*Words and Phrases—"Debt Contracted."*  Rent due in the year 1923 under a lease executed in 1921, held to be a "debt contracted" in 1921, as that phrase is used in section 2312, C. L. '21, concerning liability of corporate officers for the debts of the corporation.

3.  *Words and Phrases—"Debt Contracted."*  Under section 2312, C. L. '21, concerning liability of corporate officers for debts of the corporation, the liability exists where the debt is contracted at the time the officers are in default, within the statutory limit, regardless of the time of the maturity of the debt.

4. BILLS AND NOTES—*Promissory Notes—Debt Contracted.* In the case of promissory notes, the debt is contracted not when the notes become due, but when they are executed.

5. DEBTOR AND CREDITOR—*Debt.* A debt arises at the time it may be collected, but it is not necessarily contracted only at such time.

*On Rehearing.*

6. APPELLATE PRACTICE—*Petition for Rehearing.* A petition for rehearing will be stricken when it is a reargument in violation of Supreme Court rule 48.

7. WORDS AND PHRASES—*"Debt Contracted."* A debt is contracted at the time the agreement respecting it is made, although the debt may mature or accrue at a later date, or may never accrue.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. POE, FALKNOR & FALKNOR, Messrs. DANFORTH & KAVANAGH, for plaintiff in error.

Mr. FREDERICK SASS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action against a director of a corporation to recover for a debt of the corporation. Judgment for defendant, and plaintiff brings error.

The action was brought under section 2312, C. L. 1921, which makes a director, and other officers, of a corporation liable for all debts of such corporation that shall be contracted during the year next preceding the time when the annual report should have been made. The complaint alleges the failure to file the annual report which should have been filed within sixty days after January 1, 1923. It is then sought to recover installments of rent due at different times in the year 1923.

These were due under a lease, signed by plaintiff and defendant's corporation in the year 1921.

The contention of plaintiff in error is, in effect, that the debt was contracted in the year 1923 because it did not exist until such time, while defendant in error contends that the debt was contracted in 1921, at the time the lease was made, and consequently more than one year preceding the default in the filing of the annual report.

The authorities sustain plaintiff in the contention that there was no absolute debt until 1923, with reference to the installments of rent sued for. 14A, C. J. 213; *Stieffel v. Tolhurst,* 67 App. Div. 521, 73 N. Y. S. 1034. The statute, however, imposes the liability not for debts existing but for debts "contracted" within the year. The question is: When was this debt, springing into existence in 1923, contracted? Obviously it was contracted at the time the agreement respecting it was made, and the only agreement that was made was the lease, and that was executed in 1921. That disposes of the case, and defendant is not liable because the debt, though existing in 1923, was contracted in 1921, which was more than one year preceding the time of the default in the filing of the annual report.

The conclusion above announced is consistent with the rule that liability exists where a debt is contracted at the time the directors are in default, regardless of the time of the maturity of the debt, as stated in 14A, C. J. 211, and in *Thatcher v. Salomon,* 16 Colo. App. 150, 64 Pac. 368. In the case of promissory notes the debt is contracted, not when the notes become due but when they are executed. *Sherman v. J. S. Brown Merc. Co.,* 78 Colo. 335, 241 Pac. 724. The debt arises, of course, at the time it may be collected *(Shields v. Loveland,* 74 Colo. 27, 218 Pac. 913), but it is not necessarily contracted only at such time. The word "contract" as a verb means to undertake something by contract. In the instant case

the contract was made in 1921, though the debt did not mature until 1923. When the debt did mature, it was because of the contract of 1921.

There was no error in sustaining the demurrer to the complaint and in entering judgment for defendant.

The judgment is affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.

### On Rehearing.

MR. CHIEF JUSTICE ALLEN.

The petition for rehearing is stricken for the reason that it is a reargument, and in violation of our rule 48.

The meaning of the words "debt contracted" has recently been considered in another case, *Jackson v. McKeown*, 79 Colo. 447, 246 Pac. 277. In that case, words appear in the federal homestead act. In that case, as in this case, the holding is that a debt is contracted at the time the agreement respecting it is made, though the debt may mature or accrue at a later date, or may never accrue. Thus in *Leman v. Chipman*, 82 Nebr. 392, 117 N. W. 885, the debt of a surety on an appeal bond was held to be "contracted" at the time he signed the bond, although the debt would not accrue, or be an enforceable obligation, unless the judgment against his principal should be affirmed and the principal should fail to pay. For other authorities supporting the view taken in this case, see *Griffin v. Long*, 96 Ark. 268, 131 S. W. 672, 35 L. R. A. (N. S.) 855, Ann. Cas. 1912B, 622, and the cases therein cited.

Rehearing denied.