## No. 11,433.

### JACKSON *v.* McKEOWN, ET AL.

Decided May 10, 1926.

Action to restrain levy upon land acquired from the government. Judgment for defendants.

### *Reversed.*

### *On Application for Supersedeas.*

1. DEBTOR AND CREDITOR—*Debt—When Contracted.* The time when a debt is contracted is not necessarily limited to the time when the debt exists as an enforceable obligation.

2. BILLS AND NOTES—*Accommodation Maker.* The relation existing between the maker of a note, and one who signs as an accommodation, is that of principal and surety.

3. DEBTOR AND CREDITOR—*Debt—When Contracted.* Where a debt is that of a principal to a surety on a note, the debt is contracted at the time of the execution of the note.

4. PRINCIPAL AND SURETY—*Liability—Time.* The liability of a principal to indemnify his surety is deemed to arise at the time when the surety signs the note or otherwise enters into the obligation of suretyship.

5. BILLS AND NOTES—*Surety—Debt—When Contracted.* A debt is contracted, not at the time the surety is compelled to pay, but at the time he becomes responsible, that is, when he signs the note.

6. HOMESTEAD—*Debt—Exemption—Lien.* Where a debt is contracted by a homesteader prior to the issuance of patent, the land is exempt from execution to satisfy the debt; nor is a judgment founded on such debt a lien on the land.

*Error to the District Court of Cheyenne County, Hon. Wilbur M. Alter, Judge.*

Mr. CHARLES H. BEELER, for plaintiff in error.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, Mr. F. E. MILLER, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity to restrain a levy upon land which plaintiff acquired from the government. Judgment being for defendants, plaintiff brings error, and applies for a supersedeas with a request that the cause be disposed of as upon final hearing.

On May 5, 1915, plaintiff filed on the land in question as a homestead under the homestead acts of the United States. He received his final certificate on May 18, 1918, and his patent about six months later. On March 29, 1915, which was long prior to the issuance of the patent, defendant McKeown, as an accommodation maker, signed a promissory note with plaintiff. On April 2, 1921, McKeown was compelled to pay, and did pay, the note in question. Thereafter he sued plaintiff, obtained a judgment, and now seeks to levy upon plaintiff's land. To enjoin such levy this action was brought by plaintiff who invokes and relies upon Revised Statutes (U. S.) section 2296 (U. S. Comp. St., section 4551), which provides: "No lands required (acquired) under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The plaintiff contends that his debt to defendant McKeown was "contracted" at the time defendant signed the note as accommodation maker, March 29, 1915, which date preceded the issuance of the patent for the land.

The defendant contends that the debt was "contracted" at the time he was compelled to pay, and did pay, the note, April 2, 1921, which was after patent issued. The sole question is, therefore, when was the debt contracted?

The time when a debt is contracted is not necessarily limited to the time when the debt exists as an enforce-

able obligation. Plaintiff's debt to defendant was contracted at the time defendant signed as accommodation maker. At that time plaintiff and defendant became, as to each other, principal and surety, respectively. Where a debt is that of a principal to a surety on a note, the debt is contracted at the time of the execution of the note. *Griffin v. Long,* 96 Ark. 268, 131 S. W. 672, 35 L. R. A. (N. S.) 855, Ann. Cas. 1912B, 622. The liability of a principal to indemnify his surety is deemed to arise at the time when the surety signs the note or otherwise enters into the obligation of suretyship. *Griffin v. Long, supra; Byers v. Franklin Coal Co.,* 106 Mass. 131. The debt is "contracted," not at the time the surety is compelled to pay, but at the time he becomes responsible, that is, when he signs the note. Id.; *Rice v. Southgate,* 16 Gray 142.

Defendant argues that the debt did not come into existence until it became an obligation which could be enforced by action. We concede that. But a debt, no matter when it matures, is "contracted" whenever the agreement respecting it is made. *Washington Securities Co. v. Goodstein,* 79 Colo. 343, 246 Pac. 278.

Under the authorities above cited, plaintiff's debt to defendant was contracted at the time defendant signed the note as accommodation maker. This was in 1915, and before patent to the land issued. Under the federal statute, hereinbefore cited, the land is exempt from execution to satisfy this debt. Nor is any judgment, founded on it, a lien on the land. *Kruger v. Adams, etc., Co.,* 13 Nebr. 97, 13 N. W. 3.

The judgment is reversed, and the cause remanded for further proceedings in harmony with this opinion.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.