## BROMFIELD v. MAYER et al.

Circuit Court of Appeals, Eighth Circuit.
December 26, 1928.

No. 8193.

Ralph Hartzell, of Denver, Colo., for appellant.

Clarence L. Ireland, of Denver, Colo. (Sidney Moritz, Jr., J. A. Marsh, and D. W. Strickland, all of Denver, Colo., on the brief), for appellees.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. This action was brought by the receiver of the Globe National Bank to recover of the directors of the Globe National Company an assessment ordered by the Comptroller of the Currency against that company as a stockholder in the bank. A demurrer to the complaint on the ground it failed to allege a cause of action was sustained, and, the receiver electing not to plead further, judgment was rendered dismissing the action, with costs. This appeal challenges that judgment.

The complainant alleges the receiver's appointment on October 1, 1925, the issuance to the company of 59 shares of the stock of the bank on September 18, 1925, the assessment against the stockholders of the bank for the par value of the stock on March 20, 1926, due April 19, 1926, and the refusal of the company to pay the assessment. He then alleges that the Colorado state laws provide that within 60 days after January 1st each year every corporation shall make and file an anual report with the secretary of state, showing the amount of its indebtedness at the filing of the report, and, in default thereof, all the directors of the corporation shall be jointly, severally, and individually liable for all debts of such corporation contracted during the year next preceding the time when such report should have been made and filed; that no such report was made or filed by or on behalf of the Globe National Company for the year 1926, wherefore the directors became liable for the indebtedness of $5,900, the amount of the assessment against the company. The statute referred to is found in section 2312, Compiled Laws of Colorado 1921, and is sufficiently stated in the complaint.

Counsel for appellees urge that the complaint was demurrable because it failed to specify whether any report was filed by the company, or if filed in what way it was insufficient. But this question may be passed and our conclusion rested on a broader ground. We take it the default alleged in the complaint means a failure of the company to report its debts within 60 days after January 1, 1927. So that, if this assessment was a debt contracted in the previous year, the appellees are liable; but they are not liable if it was a debt contracted before 1926, and necessarily they would not be if it was contracted when the stock was acquired on September 18, 1925, or if it had never been contracted at all.

■ We first look to the construction put upon the statute by the Supreme Court of Colorado, as it is conclusive on this court. Supreme Lodge, Knights of Pythias v. Meyer, 265 U. S. 30, 44 S. Ct. 432, 68 L. Ed. 885. In Washington Securities Co. v. Goodstein, 79 Colo. 343, 246 P. 278, the court held in an action for rent upon a lease made in 1921 and falling due in 1923, there was no debt until maturity of the installment of rent, as the statutory liability of the director was not for debts existing, but for debts contracted within the year, and that the debt sued for was contracted "at the time the agreement respecting it was made." The debt was likened to a demand on a promissory note which was contracted when the note was executed, and not when it fell due. In the opinion de-

nying a rehearing the court cited the ruling in the former case of Jackson v. McKeown, 79 Colo. 447, 246 P. 277, "that a debt is contracted at the time the agreement respecting it is made, though the debt may mature or accrue at a later date, or may never accrue." And the court illustrated the doctrine by the decision in Leman v. Chipman, 82 Neb. 392, 117 N. W. 885, where the debt of a surety on an appeal bond was held to be "contracted" at the time he signed the bond, "although the debt would not accrue, or be an enforceable obligation, unless the judgment against his principal should be affirmed and the principal should fail to pay."

■ Counsel for appellant cites decisions to establish 'that a debt is an obligation to pay money founded upon contract, express or implied. He also asserts in substance that a stockholder in a national bank voluntarily agrees to respond to the liability which may arise from an assessment by the Comptroller of the Currency to meet the debts of the bank, citing Davis v. Weed, 7 Fed. Cas. 186, No. 3,658; Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864; Concord First Nat. Bank v. Hawkins, 174 U. S. 364, 19 S. Ct. 739, 43 L. Ed. 1007; Matteson v. Dent, 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571; Whitman v. National Bank of Oxford, 176 U. S. 559, 20 S. Ct. 477, 44 L. Ed. 587; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437, and other cases. And he then contends the assessment in this case became a debt contracted when the directors' undertaking was accepted by the act of the Comptroller of the Currency in levying the assessment on March 20, 1926.

Appellant is obliged to maintain that the liability of the Globe National Company arose by contract. In Jones v. Jenkins, 22 F.(2d) 642, this court, after citing the above cases (except Whitman v. National Bank of Oxford) and McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500, said that the question was left in doubt. In Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163, involving a like provision of the Minnesota Constitution, the ruling was that the obligation is contractual in its nature, although not entirely so, springing primarily from the law. But it is unnecessary to refer further to the authorities, for, if we assume it was contracted in any sense, the contention this was done at the date of the assessment in 1926 cannot be sustained, because the only undertaking of the company was at the time the stock was acquired in 1925, and it was then no less a contract in being conditioned on the making of an as-

sessment, and because the contention overlooks the decisions of the Supreme Court of Colorado which construe the statute of that state as meaning a debt is contracted when the agreement respecting it is made.

The appellant's complaint did not state a cause of action against the Globe National Company on the theory of a contract in the year 1926. It was also fatally defective if, as counsel for appellees insist, the liability of the company was noncontractual and purely statutory in character. The demurrer to the complaint was therefore properly sustained, and the resulting judgment thereon should be and it is affirmed.