NULL *v.* BIOGCO, INC.

1. Corporations — Default — Renewal — Promissory Notes — Officers.

Renewal of existing corporate promissory notes during a period when that corporation has defaulted in filing its annual reports does not constitute the contracting of debts for which officers of that defaulting corporation may be individually liable under the general corporation act (MCLA § 450.87).

2. Corporations—Renewal—Promissory Notes—Debt—Officers.

A corporate debt exists at the time that a corporate promissory note is given and if that note is renewed, the original, not the renewal, note determines the existence of that debt in deciding whether corporate officers are liable under the general corporation act for all debts contracted during the period when that corporation has either neglected or refused to file its annual reports (MCLA § 450.87).

3. Corporations—Contracts—Debt.

The contracting of a debt means the creation or bringing into existence of a debt which theretofore had no actual existence.

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 November 6, 1969, at Lansing. (Docket Nos. 6,649, 6,650.) Decided November 25, 1969.

Complaint by Richard Null and Glenn Covey against Biogco, Inc., a Michigan corporation, and Howard W. Sharpley, Richard K. Eckert, and Earl Sehi, corporate officers, for amounts due on two

Reference for Points in Headnotes
[1-3] 19 Am Jur 2d, Corporations §§ 1365–1368.

promissory notes. Judgment for plaintiffs. Defendants appeal. Reversed and remanded with instructions.

*Dimmers, Dimmers & Loren,* for plaintiffs.

*Pence, Becker & Norris,* for Biogco, Inc., Howard W. Sharpley and Earl Sehi.

*Prettie, Parker & Hayes,* for Richard K. Eckert.

Before: J. H. GILLIS, P. J., and McGREGOR and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J. Defendant corporation was organized under the laws of Michigan in 1962, with its annual reports due each May thereafter as required by MCLA § 450.82 (Stat Ann 1965 Cum Supp § 21.82). The 1963 annual report was duly filed, but the reports for 1964 and 1965 were not filed until February, 1966.

In April, 1963, the corporation purchased certain oil well supplies from plaintiffs. Payment was made in part by two promissory notes. One of the notes was negotiated to the First National Bank of Quincy-North Adams, while the other was retained by plaintiffs. Both notes were renewed from time to time, the face values being reduced accordingly to reflect partial payment. The final renewals were dated May 7, 1965 and August 1, 1965, respectively.

On July 12, 1966, plaintiffs filed complaints to recover on the two notes. Since the corporation was, at the time, in default for failure to file its 1964 and 1965 annual reports, the individual defendants were joined in their capacity as officers of the corporation pursuant to MCLA § 450.87 (Stat Ann 1963 Rev § 21.87), which provides:

"(1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. *Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal.*" (Emphasis supplied.)

The pivotal question presented is whether the renewal, during a period of default in filing the reports, of a promissory note given before default constitutes the contracting of a debt for which the officers of the defaulting corporation may be individually liable under the statute.

The trial court found in the affirmative and further found that the individual defendants were all guilty of neglect in failing to file the reports. From the ensuing judgment against all defendants, the individual defendants appeal.

Plaintiffs point out that the renewal notes differed from the original notes in amount, terms and obligations of the parties. They conclude therefrom that

the notes sued upon were supported by new and different consideration and were not, therefore, mere extensions of the original indebtedness. Consequently, they contend that the renewal of the notes was the contracting of a debt as contemplated by the statute.

While the question appears to be raised for the first time in Michigan, none of the authority to which we are directed supports the position taken by plaintiffs and adopted by the trial court. To the contrary, the general rule is as follows:

"A debt exists, within the statute as to reports, at the time of the giving of a promissory note, and the liability of the directors or officers is determined by the fact as to default existing at the time. *If a note is given to renew the former note the existence of the debt is not determined as of the date of the renewal note.*" 5 Fletcher, Cyclopedia Corporations, (perm ed, 1967 Rev) § 2287, p 1002. (Emphasis supplied.)

The renewal of the notes in this case was routine. In the absence of a contrary intention clearly expressed, such renewal during a period of default of a preexisting corporate obligation is not the contracting of a debt as contemplated in the statute. *Schwab* v. *Schlumberger Well Surveying Corporation* (1946), 145 Tex 379 (198 SW2d 79, 168 ALR 1074); *Griffin* v. *Long* (1910), 96 Ark 268 (131 SW 672. See annotation, Renewal of obligation as within statute making corporate officers liable for debts of corporation created or incurred after official delinquencies, 168 ALR 1079.

"The contracting of a debt means the creation or bringing into existence of a debt which theretofore had no actual existence." *Simmons Hardware Co.* v. *Rhodes* (CA8, 1925), 7 F2d 352, 355.

Since the individual defendants are not personally liable under the statute, we need not consider defendant Eckert's allegation of nonliability based upon his efforts to secure the filing of the delinquent reports.

Reversed and remanded to the trial court for the entry of a judgment for plaintiffs against defendant corporation only.

All concurred.