HONEGGER'S & CO, INC v FROG VALLEY FARM SERVICES, INC

Docket No. 46148. Submitted April 15, 1980, at Detroit.—Decided July 2, 1980.

Defendant Frog Valley Farm Services, Inc. was automatically dissolved for failure to file requisite annual reports. Subsequently, defendant John Wesley, an officer of the corporation, signed a promissory note in the corporation's name for a preexisting debt owed to plaintiff. Plaintiff filed suit on the note against the corporation and John Wesley claiming, *inter alia,* that defendant John Wesley was personally liable on the note. Cass Circuit Court, James E. Goff, J., entered a judgment of default against defendant Frog Valley Farm Services, Inc., in favor of plaintiff and a judgment of no cause of action regarding defendant John Wesley, individually. Plaintiff appeals.
*Held:*

An officer does not encounter personal liability when paying the debts of his dissolved corporation, and alternatively no personal liability will attach for a corporation debt incurred prior to dissolution, where an officer of the corporation signs a promissory note for the debt in the name of the corporation subsequent to dissolution.

Affirmed.

1. CORPORATIONS — DISSOLUTION — CORPORATE EXISTENCE — WINDING UP — DEBTS AND LIABILITIES — STATUTES.

A dissolved corporation continues its corporate existence and may carry on business for the purpose of winding up its affairs by paying its debts and other liabilities (MCL 450.1833; MSA 21.200 [833]).

2. CORPORATIONS — OFFICERS — PERSONAL LIABILITY — DISSOLUTION — DEBTS.

An officer does not encounter personal liability when paying the debts of his dissolved corporation.

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur 2d, Corporations § 1669 *et seq.*
[2, 3] 19 Am Jur 2d, Corporations §§ 1341-1343, 1650.
[3] 11 Am Jur 2d, bills and Notes §§ 573-578.

3. CORPORATIONS — DEBTS — OFFICERS — PERSONAL LIABILITY —
   DISSOLUTION — PROMISSORY NOTES.
   No personal liability for a corporate debt incurred prior to
   dissolution should attach where an officer of the corporation
   signs a promissory note for the debts in the name of the
   corporation subsequent to dissolution.

*Harrison Law Offices, P.C.* (by *Charles E. Herman*), for plaintiff.

*William L. La Bre,* for defendants.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of no cause of action denying its claim that an officer of a corporation is personally liable for monies owed on a promissory note executed after automatic dissolution of the corporation pursuant to MCL 450.1922(1); MSA 21.200(922).

The facts of the case are not in dispute. On May 15, 1978, defendant corporation was automatically dissolved for failing to file the requisite annual reports. On July 10, 1978, an officer of defendant corporation signed a promissory note for a preexisting debt in the corporation's name. The issue to be decided is whether this officer becomes personally liable on the note.

MCL 450.1833; MSA 21.200(833) states:

"Except as a court may otherwise direct, a dissolved corporation shall continue its corporate existence but shall not carry on business except for the purpose of winding up its affairs by: * * * (c) Paying its debts and other liabilities."

Thus, it is clear that an officer does not encounter personal liability when paying the debts of his dissolved corporation. Alternatively, this debt

clearly having been incurred prior to dissolution, no personal liability therefore should attach. See *Null v Biogco, Inc,* 20 Mich App 220, 223; 173 NW2d 802 (1969).

Affirmed. Costs to appellee.