## CAVANESS V. ROSS.

PAYMENT: *Of part, when will discharge the whole.*

In cases of contract for the payment of a liquidated sum of money, the payment of a less sum will not be a good satisfaction unless it was paid and accepted before the time when it was to have been paid, or at a different place from that appointed for the payment.

APPEAL from *Lincoln* Circuit Court.

Hon. T. F. SORRELLS, Judge, on exchange of circuits.

*Carlton & McCain*, for appellant.

*Cunningham, contra.*

HARRISON, J.:

This was an action by Johnathan H. Cavaness against William H. Ross upon two promissory notes for $1000 each, made by the defendant and one Harvey Jaggers, bearing date the 16th day of November, 1871, and payable to H. S. Odom, with ten per cent interest from date, respectively, on the 25th day of December, 1872, and 1873, and indorsed to the plaintiff by said Odom, on the 23d day of February, 1876.

The complainant shows a payment on the note first due, of $100—on the 23d day of February, 1873.

The defendant pleaded in answer as a defense to the action: That Odom, on the 4th day of February, 1876, brought suit in the Lincoln Circuit Court against him on the notes, and that the case was afterwards compromised by his paying him $350, in full satisfaction and discharge of his liability on the notes, which Odom so received, and dismissed the suit; and that he was not indebted to the plaintiff.

The cause was tried by a jury and a verdict returned for the defendant. The plaintiff moved for a new trial; his motion was overruled, and he appealed.

H. M. Rattenee, a witness for the defendant, testified: that

he was the agent of Odom, who lived in Texas, and as such agent instituted the suit by him against the defendant, on the notes ; that he was instructed by Odom to accept $1400 as satisfaction and discharge of the notes. Ross was, he said, as between himself and Jaggers, to pay one fourth of the debt, and he agreed to pay one fourth of the $1400, and Jaggers the remainder, That Ross paid $350—the one fourth, and the witness delivered to him a deed, to him from Odom, for his part of the land for which the notes were given—and as was agreed between him and Ross, he dismissed the suit. This was in the month of February, 1876. He sent the money to Odom. Jaggers failed to pay his part of the $1400, and he as Odom's agent sold the notes to the plaintiff for $1050—telling him at the time that Ross had paid his part of them.

The witness thought when Ross paid the $350 he was released from further liability on the notes ; but said that Odom had never said anything to him about releasing him ; nor did he say anything about his having released him either to Odom, when he sent him the money, or to the plaintiff when he sold him the notes.

The defendant himself testified—that he purchased one fourth of the lands for which the notes were given. That Odom, in 1876, brought suits on the notes against him and Jaggers. That Rattenee, the agent, offered to compromise the case for $1400—saying to him that his part of that sum would be $350, and Jaggers's the remainder ; and that he accepted the compromise offered, and paid him the $350, and the suits were dismissed, and a deed from Odom to him for his part of the land was delivered to him by Rattenee He understood at the time, he said, from what Rattenee told him, that he was released from further liability on the notes.

The plaintiff in behalf of himself, testified, that he purchased the notes from Odom, through his agent, Rattenee, and paid

for them $1050 ; and that nothing, at the time, was said about a release of the defendant.

The only grounds of the motion for a new trial, which need be noticed are : that the court improperly instructed the jury for the defendant, and that the verdict was not supported by the evidence.

The instruction complained of was as follows :

" If the jury believe from the evidence, that Odom brought suit on the note against the defendant, and that Rattenee, as his agent, compromised and dismissed it in consideration of $350, paid by the defendant ; and that Odom ratified the action of Rattenee, they shall find for the defendant."

There was no evidence of a ratification by Odom of Rattenee's action, but if such fact had been proven, the instruction, as we shall presently show, should not have been given,

In cases of contract for the payment of a liquidated sum of money, the payment of a less sum will not be a good satisfaction, unless it was either paid and accepted before the time when it was to have been paid, or at a different place from that appointed for the payment. *2 Greenl. Ev.*, *sec. 28.*

Chitty says : "The payment of *part* of a liquidated and ascertained sum is, in law, no satisfaction of the whole ; although it may, in certain circumstances, be evidence of a gift of the remainder. And a plea which alleged the payment by the defendant, and receipt by the plaintiff, of a smaller sum in satisfaction of a larger, would be bad even after verdict." *Chit. on Con. 645.*

And Story says : "A parol agreement by a creditor to accept part payment of a debt in money, in satisfaction for the whole debt, will not be binding upon him, for want of consideration, although he actually receive such part payment, and give a receipt for the whole debt." *2 Sto. Con. 978, b.* *Fitch* v. *Sutton,* 5 East, 230 ; *Cumber* v. *Ware,* 1 Str. 426 ;

*Geiser* v. *Kuthner*, 4 Gill & J., 305 ; *Blanchard* v. *Noyes*, 3 N. H., 518 ; *Bailey* v. *Day*, 26 Maine, 88 ; *Wheeler* v. *Wheeler*, 11 Ver., 60 ; *Warren* v. *Skinner*, 20 Conn., 559.

In *Fitch* v. *Sutton*, where it was held that the acceptance of £17 10s. could not be a satisfaction for a debt of £50, Lord Ellenborough said : There must be some consideration for the relinquishment of the residue ; something collateral, to show the possibility of benefit to the party relinquishing his further claim, otherwise the relinquishment is *nudum pactum.*"

It is thus seen, that the answer, if proven to be true, which however, it was not—for the evidence shows that Jaggers was to have paid the remainder of the $1400, but had not done so— set up no defense to the action except as to the partial payment of the $350. There was no averment in the complaint, or any attempt to prove, that any dispute or controversy existed as to the sum due on the notes, when the agreement for the payment of the $1400 was made. And if that sum had been paid, and the notes given up, it might justly have been inferred or presumed that Odom had made them a gift of the residue.

The judgment is reversed, and the cause remanded, for further proceedings according to law, and not inconsistent with this opinion.