A. W. TRUNKEY and another *vs.* S. P. CROSBY, Garnishee.

June 15, 1885.

Garnishment—Service of Supplemental Complaint.—In garnishee pro-
ceedings, notice of application for leave to serve a supplemental complaint,
and the supplemental complaint, may properly be served on the attorney
who has appeared for the defendant.

Debtor and Creditor—Promise to Accept Less than Debt.—A mere
promise of a creditor to receive, and of the debtor to pay, a sum less
than the debt in full satisfaction of it, is without consideration, and binds
neither party.

Garnishment—Unliquidated Lien of Garnishee.—If a garnishee has a
lien on defendant's property in his hands, the fact that the amount of it
is unliquidated will not defeat the garnishment.

Same—Garnishment of Note—Subsequent Judgment on Note.—Where
the property in the garnishee's hands is a promissory note, and he, after
service of the summons on him, brings suit on it in his own name in
another court, and files it in that court, that will not defeat the garnish-
ment.

Same—Impeaching Garnishee as Witness.—Where, upon a trial under
the supplemental complaint, the plaintiff makes the garnishee his wit-
ness, it is in the discretion of the court to permit the plaintiff to ask him
as to former statements inconsistent with his testimony.

Plaintiffs, having commenced an action in the municipal court of
St. Paul against one Vaughan, duly garnished S. P. Crosby, whose
disclosure was regularly taken.   Thereupon the plaintiffs, upon leave
of the court, filed a supplemental complaint against the garnishee,
alleging that, at the time of the garnishment, the garnishee had in
his possession a note for the sum of $500, made by one Morgan to
the defendant Vaughan, which the defendant had given to the gar-
nishee for safe-keeping and collection; that the garnishee had col-
lected the sum of $100 on the note, and claims a lien on the note and
the $100 for services rendered as an attorney-at-law, the extent and
value of which services is not known to plaintiff and is not disclosed
by the garnishee; and that the garnishee refuses to surrender the note

and the $100, and denies any indebtedness to the defendant or that he has in his possession or under his control any property belonging to the defendant.

The answer of the garnishee admits that the defendant delivered the note to him, admits the payment of $100 thereon, and denies that the note and the $100 are the property of the defendant. As a further defense, the answer alleges that the note was delivered to the garnishee, as security for his fees for legal services, and with instructions and authority to effect a compromise with the creditors of the defendant, and to use the balance of the proceeds of the note, after paying the amount owing to the garnishee, in paying the creditors in proportion to their respective claims; that thereafter the garnishee effected settlements with all, or nearly all, of such creditors, who agreed, in consideration that the garnishee would collect the note and, after retaining his fees, would pay the balance to them, to release their respective claims in full upon receiving fifty per cent. thereof from the proceeds of the note; that such agreement is in full force and the garnishee has commenced suit to collect the balance of the note; that the $100 paid on the note was long prior to the garnishment appropriated in part payment for the services of the garnishee, and that there is still a considerable sum owing to the garnishee, but how much he is unable to state.

The issues were tried by a jury, who found, in answer to special questions, that the value of the garnishee's services rendered for defendant was $100; that the note was delivered to the garnishee for safe-keeping and collection; that the garnishee had not at the time of garnishment made any agreements with the creditors of defendant to pay them any portion of the proceeds of the note, and that the garnishee had no lien on the note and proceeds at the time of garnishment. Upon these special findings the court ordered judgment for plaintiff. A new trial was refused, and judgment was entered, from which, and from the order refusing a new trial, the garnishee appeals.

On the trial the court refused the garnishee's request to give the following instruction : "If you believe the note was delivered to Crosby under the agreement alleged in the answer, and that, at the time of

v.33m—30

the service of the garnishee summons upon him, he held it under such agreement, then your verdict must be for the garnishee, whether he succeeded in making a final settlement with the creditors or not."

*S. P. Crosby (pro se)* and *J. W. Pinch,* for appellant.

*H. V. Rutherford,* for respondent.

GILFILLAN, C. J.    In the action against Vaughan, proceedings in garnishment were commenced against Crosby.    On a disclosure, the latter denied any indebtedness to or the possession or control of any property, money, or effects of the defendant.    Thereupon the plaintiffs, on notice to the defendant and the garnishee defendant, applied for and obtained leave to file and serve, and did file and serve, a supplemental complaint.    The notice of application for leave, and also the supplemental complaint, were not served personally on the defendant, but instead were served on Crosby, the garnishee, who was also attorney for the defendant in the action, and who, in writing, admitted service as garnishee and as attorney for the defendant.

It is now claimed that the service on defendant was not good; that such service cannot be made on a defendant's attorney, on the ground that, as claimed, the notice is in the nature of original process to bring the party into court.    But it is not process, nor does it bring the party into court.    The proceeding is already pending by service of the garnishee summons; and the application for leave to serve and the service of the supplemental complaint are only further continuations of such pending proceeding, and the attorney who has appeared for the defendant or the garnishee is the proper person upon whom to serve the notice.

The case against the garnishee is in a nutshell:    One Morgan executed a note for $500, payable to the order of Vaughan, and he indorsed it to the garnishee, who, when the garnishee summons was served, had it in his possession and under his control.    As found by the jury,—and the evidence sustains the finding,—it was indorsed to the garnishee for collection and safe-keeping.    He claimed also and testified that it was indorsed to secure fees due from Vaughan to him for services, and that he had received $100 upon it, which he had applied upon such fees, and the jury find that to be the value of the services.    He also claims that it was indorsed to him for the purpose

of his appropriating the remainder, after paying what was due himself, to settling with the creditors of Vaughan; and that he had made agreements with the creditors by which he had promised to pay them out of the proceeds of the note, when collected, 40 per cent. of their claims, which they agreed to receive in full. The jury found that he had not made such agreements. The garnishee claims this to be contrary to the uncontradicted evidence. We think the jury might well understand the garnishee as testifying (and it his testimony on the point that is claimed to be uncontradicted) that he was not to pay any creditor unless he could settle with all of them; that the agreement with each was to depend on his being able to bring all to the same terms. He testified that he had made agreements with all, and he is contradicted as to one of them. If the jury believed, as they might do, the contradicting testimony, then the garnishee's proof on the point failed, and the finding was correct.

The court instructed the jury, in effect, that a mere promise by the creditors to receive in full for their claims the amounts offered by Crosby, would not be a binding contract. There was in the evidence no pretence of a composition deed, nor of any consideration for such a promise by the creditors, beyond the promise of Crosby, as agent for Vaughan, to pay from the debtor's money 40 per cent. on the amounts due them. As applied to the evidence the instruction was correct. A mere agreement by a creditor to accept less than is due him, in discharge of the debt, is without consideration and consequently not binding. As it did not bind the creditors, it did not bind the agent, nor the money under his control.

The case is different from one where a debtor deposits money with his agent to be paid unconditionally to a creditor, in which case the ratification by the creditor and his acceptance of the agent as his needs no further consideration to support it. Such was the case of *Simonton* v. *First Nat. Bank*, 24 Minn. 216.

There was no error in the other instructions, nor in the refusal of the garnishee's request. There can be no doubt that where the garnishee has a lien on the defendant's property in his hands, the fact that the amount of it is not liquidated will not defeat garnishment.

It appears that after the garnishment was commenced, the garnishee

brought suit on the note in his own name in the district court, recovered a verdict on it, and filed it in that court. Wherefore he claims that it is *in custodia legis*, and beyond his control, and cannot be reached by the garnishment. If he has placed it out of his control, he did it voluntarily, and without leave of the court in which the garnishment was pending; and if any inconvenience were to arise from that act, he, and not the plaintiff, must be the one to suffer. Had it been necessary to sue the note, the municipal court might have granted leave to do so, with such conditions and restrictions as would protect the rights of plaintiffs. As he has seen fit to act without regard to the rights of the court and of the plaintiffs, he cannot take advantage of his act.

The questions asked the garnishee by plaintiff, whose witness he was, as to former statements made by him, were in the discretion of the court, and it seems to have been properly exercised.

Order and judgment affirmed.