## HAMITER *v.* STATE NATIONAL BANK OF TEXARKANA.

### Opinion delivered January 13, 1913.

BILLS AND NOTES—EFFECT OF SIGNING RENEWAL NOTE.—The holder of a note, which is executed by A. with N. and J. as sureties, does not lose his right to sue all of the parties on the said note, even though he takes a renewal note signed by A. alone, agreeing to take the renewal note in payment of the original note.

Appeal from Lafayette Circuit Court; *Jacob M. Carter*, Judge; affirmed.

*Henry Moore* and *Henry Moore, Jr.*, for appellants.

Where a renewal note is given with the express understanding that it is taken in satisfaction or payment of a former note, such renewal note constitutes in law a new debt and the old note is thereby paid, and this is true whether the renewal note is given by the original maker or given in his behalf by some third person. 75 Ark. 354; *Id.* 559; 2 Ark. 209-226; 30 Cyc. 1194-1197; 36 Cyc. 1199-1200; 30 Cyc. 1202, 1205; 8 Ark. 213; 7 Cyc. 877, 878; *Id.* 882-883; 48 Ark. 267; 68 Ark. 233; 69 Ark. 61; 49 Ark. 512; 36 Ark. 72; 4 Ark. 508; 5 Ark. 568; 35 Ark. 76.

Consideration is any benefit to one party to a contract, or detriment to the other. In this case, there was a consideration for the note given in payment of the original note, if any advantage, however small, accrued to the creditor. 1 Ark. 229; 7 Cyc. 900-902.

*Searcy & Parks*, for appellee.

In order that the new note should be taken as payment of the original note, a new contract was necessary, and before such new contract would be binding a good and sufficient consideration supporting it was essential.

The new note was without security or greater rate of interest, and did not require or bind Hamiter to do anything more than or different from what he was already bound to do. The failure of consideration is complete. 7 Cyc. 900-902; 26 Ark. 159; 135 S. W. 961; 13 S. W. 97. To release a surety, an agreement to extend the time of payment must be based upon a good and sufficient consideration. 24 S. W. 864; 8 Tex. 66; 24 Tex. 383; 28 Tex. 159; 131 S. W. 673; 12 Wheat, 555, 6 Law Ed. 727.

An agreement to cancel notes not supported by a consideration is not binding. 117 Wis. 455; 8 Ark. 416; 47 S. W. 764.

HART, J. Appellee brought this suit against appellants to recover upon a promissory note, which is as follows:

"$623.35.          Texarkana, Ark., Sept. 11, 1908.

"Four months (days) after date, we, or either of us, promise to pay to the order of the State National Bank of Texarkana, six hundred and twenty-three and 35/100 dollars, for value received, negotiable and payable, without defalcation or discount, at the State National Bank of Texarkana, Texas-Arkansas, with interest from maturity, at the rate of ten per cent per annum until paid.

"Allen H. Hamiter.
"N. D. Harrel.
"J. O. Smith."

The complaint alleges that the sum of $423.35 is due and unpaid and judgment is asked for that amount. On the 15th day of August, 1912, appellee filed an amendment to its complaint in which it stated that it held a note executed to it by Allen H. Hamiter for $422, due September 20, 1911, and states that it cancelled said note and agreed to return it to said Hamiter. The prayer is for judgment on the original note sued on. Appellants, Allen H. Hamiter and N. D. Harrel, each filed a separate answer which are substantially the same. Each admits the execution of the note sued on by appellee herein and alleges that at the maturity of the note sued on appellee accepted a new note for the amount then due executed by

Allen H. Hamiter. That the new note was accepted by the appellee with the express understanding and agreement that it was taken in full satisfaction and payment of the note sued on. That the note has been repeatedly renewed by Allen H. Hamiter, and the interest paid, and the sum of $80 was paid on the principal of said renewed note on March 10, 1911.

It is further alleged that through the negligence and oversight of appellee said renewed note has not been marked paid or delivered to appellants.

Appellee filed a demurrer to the answer of appellants, which was sustained by the court. Appellants declined to plead further and the court directed a verdict in favor of appellee for the amount due on the note sued on. The case is here on appeal.

To reverse the judgment counsel for appellants invoke the general rule laid down by this court, that where by express agreement of the parties a renewed note is taken in full satisfaction and absolute payment of the old note, the original debt is extinguished and a new debt created, but in making this contention counsel have not taken into consideration the rule which is equally well settled, that an agreement, in order to be binding must have a consideration to support it. This point was expressly ruled in the case of *Griffin* v. *Long*, 96 Ark. 268. The court said:

"The liability of the surety to the payee is equal with that of his principal, and the only manner in which he can become discharged from that liability is by the actual payment of the debt or by an alteration of the contract or an extension of the time of payment of the debt founded upon a consideration and without his consent."

According to the allegations of the answer, which on demurrer are to be taken as true, the appellant Allen H. Hamiter was the principal and N. D. Harrel was his surety. After the note became due the bank accepted a new note from Hamiter and agreed to take it in payment of the original note. In the case of *Griffin* v. *Long*, *supra*, the court said that when a note is renewed by the

execution of a new note therefor, it is but an extension of the time of payment of such prior note. The question then is, do the allegations of the answer show that there was any consideration paid or promised for such delay? The agreement to accept the new note of Hamiter in payment of the note sued on was made after the original note became due and there was, therefore, no consideration to support the agreement, and an agreement without consideration is utterly void and does not suspend for a moment the rights of the parties. *McLemore* v. *Powell,* 12 Wheat. U. S. 554; *Griffin* v. *Long, supra; Hazard* v. *White,* 26 Ark. 155. See also *Vestal* v. *Knight,* 54 Ark. 97.

Again it is contended by counsel for appellants that the case of *Dreyfus* v. *Roberts,* 75 Ark. 354, is authority for the reversal of the judgment. There the court held that when an agreement to discharge a debt by the payment of a smaller sum is fully executed, and such discharge is evidenced by a written receipt for a lesser sum in full satisfaction of a greater, it is a binding release. Here the case is different. The allegations of the answer show that the original note given by appellants to appellee was not surrendered or delivered at the time the renewal note was executed, and the agreement in question was made, but it still remains in the hands of the appellee; therefore, the agreement in the present case was not fully executed, and the allegations of the answer do not bring it within the reasoning of that case.

The judgment will be affirmed.