GULLICK N. RYE v. BEN PHILLIPS.[1]

November 25, 1938.

No. 31,787.

[1]Reported in 282 N. W. 459.

*Frank F. Michael,* for appellant.

*Hansen & Engan,* for respondent.

STONE, JUSTICE.

Action by indorsee, not a holder in due course, upon a promissory note. The complaint avers certain indorsements of payment which indicate that the statute of limitations had not run.. The answer tendered judgment for an admitted balance, but interposed a defense as to the amount over and above that sum. The defense was wiped out as matter of law by the direction of a verdict for plaintiff for the full amount claimed. Defendant appeals from an order denying his motion for a new trial.

■ There has been some argument for defendant about the statute of limitations. That defense is out of the case on the pleadings. From the complaint it did not appear that the statute had run. If defendant wished any advantage of the affirmative defense of the statute, he should have said so by demurrer or answer. Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110; see Board of County Commrs. v. Miller, 101 Minn. 294, 112 N. W. 276; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5661. On top of all that is defendant's formal admission by answer of liability for a concededly unpaid balance of the debt.

■ We come now to the important point. The answer sets up a defense in the nature of a release or an accord and satisfaction (executed in part at least) in these words:

"That in the early part of the year 1930, one Kooima, referred to in the complaint herein, held and owned the note described in the said complaint; at that time the plaintiff was the owner of a Chevrolet car, * * * and the defendant then was hopelessly insolvent and unable to pay his debts or obligations, all of which the plaintiff and Kooima then well knew. The plaintiff at that time

approached the defendant and Kooima and offered to purchase said note from Kooima by turning over said car, valued at $250 and no more. As a part of said transaction and as consideration for same defendant agreed to turn over to plaintiff livestock or produce of the value of $250, or some livestock and the balance in cash, and to pay the car license on said plaintiff's car that he was then and there trading to Kooima. In pursuance of said agreements, carried out, defendant turned over to plaintiff livestock and cash aggregating the amount admitted as paid in the complaint, and additionally paid the said car license fee to the plaintiff; all of which was a compromise and settlement of all liability on the part of the defendant on said note referred to in the complaint herein."

On the ground that the answer failed to plead a defense, plaintiff objected to the introduction of any evidence. The objection was sustained, and plaintiff's motion for directed verdict granted upon the ground that "a mere promise of a creditor to receive, and of the debtor to pay, a sum less than the debt in full satisfaction of it, is without consideration, and binds neither party." 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 39; Trunkey v. Crosby, 33 Minn. 464, 23 N. W. 846.

The doctrine thus invoked is one of the relics of antique law which should have been discarded long ago. It is evidence of the former capacity of lawyers and judges to make the requirement of consideration an overworked shibboleth rather than a logical and just standard of actionability.

In Oien v. St. Paul City Ry. Co. 198 Minn. 363, 373, 270 N. W. 1, we made such observations concerning it that the bar should have been advised thereby that we were ready to label the proposition as a museum piece of the law and shelve it accordingly. As Mr. Dunnell suggests, Minn. Dig. (2 ed.) 1932 Supp. § 39, the doctrine may have sprouted from "a mistake in reporting," in Pinnel's Case, 3 Co. Rep. Part V, 117a, in 1602. It is characterized as "an artificial and groundless rule which has been consistently condemned." Allen, *Law in the Making* (Oxford, 1930) 189. Its true status is accurately stated in *Selected Readings on the Law of Contracts*

(MacMillan, 1931) p. 325, as follows: "And the rule is commonly thought to be a corollary of the doctrine of consideration. But this is a total misconception. The rule is older than the doctrine of consideration and is simply the survival of a bit of formal logic of the mediaeval lawyers." The law has been changed by statute in at least ten of our states. *Id.* p. 328. But, being a judge-made rule, no vested rights depending on it, judges are just as competent to get rid of it as the legislature.

There is more than one ground of logic and good law upon which this old and indefensible rule may be discarded. There is no reason why a person should be prevented from making an executed gift of incorporeal as well as corporeal property. Why should a receipt in full for the entire debt not be taken in a proper case as sufficient evidence of an executed gift of the unpaid portion of the debt? Again, where there is proof, or on adequate evidence a finding, that a completed legal act, such as a waiver, has set a matter at rest, why is it necessary to search for any consideration?

The modern view is that a new promise to pay a debt barred by the statute of limitations or discharged in bankruptcy is binding without consideration. 1 Restatement, Contracts, §§ 86, 87. In that field at least judges have recognized the futility of their former efforts to create a synthetic consideration where there was no actual consideration.

What has just been said may appear mere dictum, but judicial frankness justifies it to the end that both bar and public may be advised of our attitude.

■ We have no hesitation in saying that, while perhaps it might have been pleaded more clearly, the paragraph of the answer above quoted pleads a defense. It avers a new contract, not alone between plaintiff and defendant, but between both of them and Kooima, the payee of the note. Furthermore, it shows that the agreement was executed. The new tripartite contract pleaded had plenty of consideration. Kooima got an automobile instead of cash for his note. Plaintiff got the note. Insofar as defendant agreed to turn over livestock and pay the license tax, he assumed new obligations which were not his as maker of the note. Hence it is immaterial whether

the obligation substituted by the new contract for the old one under the note would or would not be the latter's equivalent in money value.

For these reasons it was reversible error to exclude defendant's offered evidence in support of his defense and to direct a verdict for plaintiff.

Order reversed.