## VALLIE F. WALGREN v. PRUDENTIAL INSURANCE COMPANY.[1]

April 21, 1939.

No. 32,006.

*Shearer, Byard & Trogner,* for appellant.
*Thomas F. Clifford* and *John C. Crowley, Jr.,* for respondent.

STONE, JUSTICE.

Action by the beneficiary upon a policy of life insurance. The verdict was for plaintiff. Defendant appeals from the judgment after denial of its motion for judgment notwithstanding the verdict or a new trial.

The policy promised a death benefit of $1,000 with double that sum if the demise was the "result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means." The insured was the husband of plaintiff. He died during the excessively hot summer of 1936. Defendant promptly paid the ordinary death benefit of $1,000, but refused payment of the additional benefit for accidental death. It finally compromised that issue by paying plaintiff $500, which she

[1]Reported in 285 N. W. 525.

accepted and in consideration of which she executed a full release. This compromise and settlement is the defense interposed in this action to recover the additional $500 claimed under the accidental death provisions of the policy.

Plaintiff's claim is that defendant's obligation for the accidental death benefit was liquidated, due absolutely, and therefore beyond possibility of compromise for a lesser amount. That claim, as matter of law, we hold to be untenable on this record.

Medical testimony makes it appear beyond dispute that when death found him Mr. Walgren was suffering from "acute dilatation of the heart." That testimony also makes a fact issue as to whether that, or heat exhaustion, was the primary cause of death. Even the evidence for plaintiff makes the heart difficulty either a primary or a contributing cause.

The presence of such an issue ordinarily makes a case susceptible of compromise. Here there is the added circumstance that defendant's obligation to pay the accident benefit was open to question if death was not due "independently of all other causes" to accidental means. So, assuming that there was ground upon which plaintiff could claim that her husband's death was accidental, it remains clear as matter of law that there were grounds upon which defendant could take the contrary position. There is nothing to impugn defendant's good faith. Inasmuch as its position, in opposition to that of plaintiff, was based upon reasonable grounds and taken in good faith, the resulting compromise must stand as a matter of law under the rule of Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9.

In view of the foregoing, we have no reason for consideration of Rye v. Phillips, 203 Minn. 567, 282 N. W. 459, 119 A. L. R. 1120. Anyway, the rule there discarded applied only to an undisputed and liquidated debt. The adjective "liquidated" is not in the law a word of art. It is used in too many different senses. See 5 Wd. & Phr. p. 4174. Plaintiff's claim was liquidated as to amount. But the obligation to pay it was by no means settled. Hence, under any view, it was an appropriate case for a compromise in good faith.

It follows that the judgment under review must be reversed with directions to enter judgment for defendant notwithstanding the verdict.

So ordered.

Mr. Justice Hilton, incapacitated by illness, took no part.