**ATCHISON & KELLER, Inc., v. TAYLOR.**

No. 477.

Municipal Court of Appeals for the
District of Columbia.

Feb. 20, 1947.

Leroy A. Brill, of Washington, D. C.
(Mark P. Friedlander, of Washington, D.
C., on the brief), for appellant.

A. M. Goldstein, of Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from a judgment of
$438 rendered against it on a claim for
stokers and equipment furnished and in-
stalled by plaintiff. The single error as-
signed relates to the alleged failure of the
trial court to rule that plaintiff's claim was
barred by limitations. Code 1940, § 12—
201. The point was not raised or suggested
during the trial. Nor was it made a ground
of the ensuing motion for new trial. It
was asserted as a defense, admittedly for
the first time, in a brief submitted to the
trial judge in support of the motion for
new trial.

We must hold that the defense
of limitations was advanced too late. Such
defense is a personal privilege of which
a party may avail himself or not as he
pleases.[1] It is an affirmative defense,[2]
which does not operate of its own force,
and cannot be availed of by a party who
fails in due time and in proper form to in-
voke its protection.[3]

It is true that in this case no form-
al written plea of limitations was required.
It being a Class B action the defendant
was not called upon to file an answer or
other pleading. Civil Rules, Municipal
Court, Part II, Rule 2. (This rule states
certain exceptions which are not here in-
volved.) The case went to trial on plain-

---

[1] Sanger v. Nightingale, 122 U.S. 176, 7
S.Ct. 1109, 30 L.Ed. 1105.

[2] Apuzzo v. Hoer, 125 Conn. 196, 4 A.

2d 424; Rye v. Phillips, 203 Minn. 567,
282 N.W. 459, 119 A.L.R. 1120.

[3] Retzer v. Wood, 109 U.S. 185, 3 S.
Ct. 164, 27 L.Ed. 900.

tiff's informal bill of particulars. But that does not mean that defendant was relieved of the duty of making its defenses known to the court. As we can tell from the stenographic transcript, the case was vigorously defended. Yet there was never a mention of the defense of limitations. Whether the omission was intentional or merely inadvertent, there is no doubt that it amounted to a waiver of the defense. See Morris v. Breaker, D.C.Mun.App., 38 A.2d 632, where in a landlord-tenant case we held that failure to give notice to quit was not an automatic defense and was waived by not being asserted at the trial.

■ It is also significant that in this case the defense was not referred to in the motion for new trial. But even if the defense of limitations had been made in that motion it would probably have been late. Counsel, as we have once said, "cannot be permitted to make the motion for new trial a vehicle for asserting objections retroactively or for grounding an appeal on a theory never presented during the trial." District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31, 32. That being so there would be even less justification for holding that the trial judge was wrong in rejecting the defense, when it came a month or so after the trial, not in the motion itself but in the brief which followed.

The rule we are following is neither harsh nor technical. On the contrary, it is based upon fair play and designed to accomplish orderly procedure and assure decisions upon the actual issues. Thus, by requiring a defendant who relies upon the defense of limitations to reveal that defense to the court and plaintiff, the plaintiff has an opportunity to come forward with proof of circumstances which might toll the statute, such as new promise, part payment, infancy or absence of defendant from jurisdiction. But when the defense is not presented, the plaintiff obviously has neither opportunity nor duty to meet it. Especially is this true when as here the bill of particulars on its face showed payments within the statutory period, and plaintiff had no reason to anticipate that the defense of limitations might be raised.

■ As a practical matter the error assigned does not relate to the trial itself or to the finding, but is directed to the refusal to grant a new trial. Under the circumstances, the action of the trial court was clearly in the realm of discretion.

Affirmed.