Miller, Administratrix, *v.* Brown.

5-119                                     258 S. W. 2d 237

Opinion delivered June 1, 1953.

*Frank C. Douglas* and *James M. Gardner,* for appellant.

*Bruce Ivy,* for appellee.

J. Seaborn Holt, J.  Sidney E. Evans died intestate April 15, 1950.  His wife had predeceased him.  They had no children.  Annie B. Miller, a niece of Mr. Evans and his guardian, brought suit to collect balance alleged to be due on a demand note dated September 15, 1922, given to Evans by appellees, the Browns, in the amount of $10,000, with 10% interest thereon, and secured by deed of trust on two business lots in Luxora, Arkansas, William Wood being named as trustee.  Foreclosure on the lots was prayed.  May 31, 1950, the suit was revived in appellant as administratrix.  To the complaint, appellees answered with a general denial and specifically denied owing appellant any sum whatever.  In an amendment to the complaint September 25, 1950, appellant alleged, in effect, that since filing the original complaint, she had learned that appellees, for a complete defense, were relying on a release deed executed by Mr. Evans April 23, 1949, and

duly recorded. Appellant further alleged that if, in fact, Evans executed such release deed, it was given at a time when he was not mentally capable of executing such instrument and also pleaded fraud and undue influence. October 13, 1950, appellees filed answer to the amendment to the complaint, denied every material allegation therein and pleaded as a complete defense the release deed executed by Mr. Evans April 23, 1949.

Trial resulted in a finding by the court of all issues of law and fact in favor of appellees and dismissed appellant's complaint for want of equity. This appeal followed.

For reversal, appellant argues that the release deed executed by Evans April 23, 1949, was procured by fraud, undue influence, and at a time when Mr. Evans was without mental capacity, and that there was no consideration.

After a review of all the testimony, we have concluded that none of appellant's contentions is supported by a preponderance of the testimony and cannot be sustained.

As indicated, appellees executed the note in question September 15, 1922, with an interest rate of 10%. Mr. Evans and appellees were close friends of long standing and this friendship appears to have continued up to Mr. Evans' death. Evans was engaged in farming and the Browns in the mercantile business and through arrangement of the parties, Evans bought groceries, merchandise, supplies, etc., for his family and farming operations from the Browns and such purchases were from time to time credited on the note by Evans, the last endorsement being made September 15, 1938.

Briefly stated, the evidence shows that appellees paid Evans at intervals on the note a total of $15,600, from September 22, 1922, to September 15, 1938. On April 9, 1949, the parties made a full settlement of the balance due on the note and on that date, appellees paid Evans an additional sum of $9,000, evidenced by store account owed by Evans of $7,046.10 and a check to Mr.

Evans for $1,953.90, making a total paid of $24,096. There was written on the face of the check: "Balance due on note of $10,000 dated September 15, 1922, also deed of trust securing same."

On this same day, Mr. Evans went to the bank in Luxora to get the note and deed of trust to deliver to appellees, but found it missing from his lock box, and on the same day, at his own suggestion, he executed and signed a receipt which recited: *"RECEIPT*—This will acknowledge receipt of the sum of One Thousand nine hundred fifty-three and 90/100 ($1953.90). Said sum being a full and complete settlement of the balance due on a note in the sum of Ten Thousand Dollars ($10,-000.00), dated September 15, 1922, which was secured by a Deed of Trust on Tracts 1 and 2 in the F. C. Lewis Sub-division of Block 17 of the Thomas and Morrow Addition to the Town of Luxora. And I hereby acknowledge a full and complete settlement of the above mentioned indebtedness and the Deed of Trust securing same. Witness my hand on this the 9th day of April, 1949. (Signed) Sidney Evans."

After further,search, Mr. Evans was unable to locate the note and Deed of Trust and at his further suggestion, he executed on April 23, 1949, the release deed in question which contained this recital: *"RELEASE DEED*—KNOW ALL MEN BY THESE PRESENTS: That I, Sidney Evans, in consideration of the full payment of all indebtedness mentioned in a certain Deed of Trust, dated September 15, 1922, and recorded in Book AA, at Page 576, in the Circuit Court Clerk and Recorder's office at Osceola, in and for the Osceola District of Mississippi County, Arkansas, executed by Jesse Brown and Lola Posey Brown, on the following described real estate in the Town of Luxora, Mississippi County, Arkansas, to-wit: Two lots in the Thomas and Morrow Addition to the Incorporated Town of Luxora, Arkansas, and more fully described as follows: Lots 1 and 2 carved out of Lot 17 of the Thomas and Morrow Addition to Luxora and formerly owned by F. C. Lewis. The lien on the real

estate above mentioned is hereby discharged and released in full. Witness my hand on this the 23 day of April, 1949. (Signed) Sidney Evans.'' This release deed was acknowledged April 23, 1949, and recorded April 25, 1949.

It appears that in June, 1948, Charles Evans (a nephew) and Joe Miller, husband of the administratrix, having secured access to Mr. Evans' lock box, had removed the note and deed of trust without the knowledge of Evans.

A large number of witnesses was presented by the parties. It could serve no useful purpose to detail the testimony, some of which is conflicting. It suffices to say that, after a review of all of the evidence, we have reached the conclusion that the preponderance thereof shows that Mr. Evans was not unduly influenced and possessed sufficient mental capacity at the time he made the release deed on April 23, 1949, which was and is a full and complete settlement of the note in question. A number of witnesses, mostly disinterested, including Dr. Blodgett, who had examined Mr. Evans on April 9th and on April 18, 1949, testified, in effect, that Mr. Evans was competent when the deed of trust was executed. Exhibits in evidence of the handwriting of Mr. Evans convince us that the signature on the release deed was written by the same party who signed certain personal checks of Evans, which checks admittedly were signed by him. We find no evidence that he was unduly influenced or overreached in making the settlement.

There was testimony that at the time of the settlement, Mr. Evans suggested that since appellees had received no interest on Evans' store account with them over the years, it was only fair that interest charges on both sides be offset against each other. Whether Mr. Evans who was without children, was motivated to accept in settlement a smaller amount than was legally due, by reason of his friendship for appellees, their many kindnesses, a sense of fairness, or a feeling that a 10% interest rate was exorbitant, we do not know, but the fact remains that he had a perfect right to make a settlement

if mentally competent and not unduly influenced or over-reached.

In *Gordon* v. *Moore,* 44 Ark. 349, we held: (Headnote 1) ''Accord and satisfaction: Payment of part. An agreement by a creditor to accept a smaller sum in satisfaction of a debt, carried into execution by receipt of the money and execution of a formal and positive instrument of release, with all other acts essential to an absolute relinquishment of his right, is a valid and irrevocable act.''

In the body of the opinion, the case of *Cavaness* v. *Ross,* 33 Ark. 572, strongly relied upon by appellant, was distinguished in this language: ''In the Cavaness case nothing was done but the payment of the money by the debtor. No release was given. The original notes were retained and afterwards assigned, as valid, to one ignorant of the compromise. . . . We conclude, therefore, that an agreement by a creditor to accept a smaller sum in satisfaction of a debt, carried into execution by receipt of the money, and the execution of a formal and positive instrument of release, with all other acts essential to an absolute relinquishment of his right, is a valid and irrevocable act.'' See, also, *Dreyfus* v. *Roberts,* 75 Ark. 354, 87 S. W. 641, 69 L. R. A. 823.

As pointed out, we are dealing here with a written, signed, acknowledged, and recorded release, which clearly distinguishes it from the Cavaness case, where no release whatever was given.

Finding no error, the decree is affirmed.