**LITTLE ROCK PACKING COMPANY,**
Appellant,

v.

**MASSACHUSETTS BONDING & INSUR-
ANCE COMPANY,** Appellee.

No. 15978.

United States Court of Appeals
Eighth Circuit.

Jan. 13, 1959.

Rehearing Denied Feb. 9, 1959.

G. Thomas Eisele, Little Rock, Ark. (E. L. McHaney, Jr., John M. Lofton, Jr., James M. McHaney, and Owens, Mc-Haney, Lofton & McHaney, Little Rock, Ark., on the brief), for appellant.

John T. Williams, Little Rock, Ark. (James K. Moran, St. Louis, Mo., and Mehaffy, Smith & Williams, Little Rock, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTER-HOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, Little Rock Packing Company, appeals from a judgment it obtained against defendant, Massachusetts Bonding & Insurance Company. Plaintiff's cause of action was based upon a "blanket position bond" issued by defendant to indemnify plaintiff against fraud or dishonest acts of its employees. Plaintiff's complaint asserted that one or more of its employees had wrongfully taken 16,749 pounds of spareribs from its plant, for which plaintiff asked judgment for $8,595.58 plus interest from the date of proof of loss, statutory penalty, and attorney's fee. Upon trial to a jury

plaintiff obtained a verdict for $7,348.33. Judgment was entered upon this verdict. The court refused plaintiff's request for interest prior to judgment, statutory penalty, and attorney's fee.

Notice of appeal filed December 20, 1957, shows that this appeal is from final judgment solely upon the ground that the judgment did not grant plaintiff interest upon his claim from the date 60 days after submission of proof of loss, and on the ground that the judgment did not award plaintiff penalty and attorney's fee as required by Arkansas statutes. The notice of appeal is set out in a footnote.[1]

Defendant contends that the plaintiff, after entry of judgment and before taking this appeal, for value received, released its claim in full, and thereby lost its right to prosecute this appeal. This contention will have our first consideration.

The supplemental record shows that defendant, through its attorneys, by letter dated November 26, 1957, tendered its draft for $7,375.28 to plaintiff in full settlement of the judgment. The draft is made out in favor of plaintiff and its attorneys. The draft and the release endorsement form contained therein will be more fully described hereinafter. The draft was endorsed by the plaintiff and its attorneys, and has been paid. Later, on March 4, 1958, after defendant had made demand that plaintiff release the judgment, plaintiff made a marginal endorsement upon the judgment record, as follows: "Satisfied in full by payment of $7348.33 without prejudice to plaintiffs' appeal for interest, and statutory penalty and attorney's fees." The foregoing record is undisputed.

It is well established that a cause of action is merged in the judgment obtained thereon. Hamer v. New York Railways Company, 244 U.S. 266, 272, 37 S.Ct. 511, 61 L.Ed. 1125; Gaines v. Miller, 111 U.S. 395, 399, 4 S.Ct. 426, 28 L.Ed. 466; Restatement of the Law, Judgments § 47, Comment a. Plaintiff had only one indivisible cause of action upon defendant's bond by reason of the appropriation of the spareribs by its employee. Plaintiff's entire cause of action was extinguished by and merged in the judgment obtained in this action.

An aggrieved party can, of course, appeal from a judgment within the time allowed by law. Our problem here is to determine whether plaintiff has lost any right to appeal by its prior release of the judgment.

A judgment is a proper subject matter for a release or an accord and satisfaction. Bofinger v. Tuyes, 120 U.S. 198, 205, 7 S.Ct. 529, 30 L.Ed. 649; Dreyfus & Co. v. Roberts, 75 Ark. 354, 87 S.W. 641, 69 L.R.A. 823; 1 Am.Jur. Accord and Satisfaction, § 7; 49 C.J.S. Judgments § 563.

A release is a type of contract. General rules as to the interpretation and validity of contracts apply to releases. 76 C.J.S. Release § 38.

The cause of action arose in Arkansas. The judgment was obtained and the release was executed and delivered in Arkansas. Accordingly, Arkansas law controls upon the issue of the validity and the effect of the release. Pacific Mut. Life Ins. Co. of California v. Webb, 8 Cir., 157 F. 155, 158; Preine v. Freeman, D.C.E.D.Va., 112 F.Supp. 257, 260; 76 C.J.S. Release § 39.

1. "Notice is hereby given that the plaintiff, Little Rock Packing Company, appeals to the United States Court of Appeals for the Eighth Circuit from the judgment entered herein on November 22, 1957, solely on the ground that said judgment did not grant to the plaintiff interest upon the principal amount of the judgment from the date 60 days after the submission of the last proof of loss, i. e., from the 27th day of July, 1955, until the date of judgment, and also on the ground that said judgment did not award to the plaintiff the statutory attorney's fees and penalties as required under the laws of Arkansas, and more particularly Section 66-514, Ark.Stats., 1947, Ann., 1957 Replacement."

(The notice bears proper caption and is properly executed by plaintiff's attorneys.)

■■ The Supreme Court of Arkansas in an interesting and well written opinion in Dreyfus & Co. v. Roberts, supra, carefully considers all the elements necessary to create a binding release. In that case Dreyfus & Co. had obtained a judgment against Roberts for $1,621. Dreyfus, through its agent, agreed to accept $200 in cash in full satisfaction of the judgment. Thereupon, Roberts borrowed $200 with his mother's assistance and paid said sum to plaintiff's agent. Roberts received a letter from Dreyfus's agent, advising that the $200 was received in satisfaction in full of the judgment, and that the judgment would be formally released. Later, Dreyfus obtained an execution upon the judgment. The trial court quashed the execution. The Supreme Court affirmed. The Arkansas court, in its opinion, recognizes that under the old English common law rule, as stated in Pinnel's Case, 3 Coke, pt. 5, p. 117a, the acceptance of a lesser sum in satisfaction of the whole is not a valid satisfaction of the whole. The court then sets out the many exceptions to the rule made by the American courts, including the Arkansas court, and notes that the rule has been repudiated by many courts. The court announces that it prefers to call a halt in refining away a rule more honored by its breach than its observance, and then states (87 S.W. at page 644):

"*  *  *  It is therefore held that when an agreement is fully executed to discharge a debt by the payment of a smaller sum, and such discharge is evidenced, as it usually is, in practical business affairs, by a written receipt for the lesser sum in full satisfaction of the greater sum, it is 'a valid and irrevocable act.'"

The Arkansas court has adhered to this position. Miller v. Brown, 222 Ark. 236, 258 S.W.2d 237.

■ The court in Dreyfus also reaffirms earlier Arkansas decisions, holding that a seal creates no magic, and that written release without a seal is as effective as one under seal, and holds further that no formal words are necessary to constitute a release, stating (87 S.W. at page 643):

"*  *  *  The question then becomes important to determine what constitutes a release. Mr. Beach says: 'The proper words of a release are "remise, release, quitclaim, and acquit." Any expressions, however, which denote the intention of the one party to discharge the other, are sufficient.' 1 Beach, Modern Contracts, § 460. The receipt in full of a given sum in full satisfaction of a larger one certainly conveys the intention to discharge the part of the debt thus expressly stated to be discharged, as 'remise, release, quitclaim, and acquit.' *  *  *"

In Colquette v. Crossett Lumber Co., 8 Cir., 149 F.2d 116, this court had occasion to consider the effect of a release of a judgment upon the right to appeal. There, a laborer sued his employer for overtime wages for services rendered in Arkansas. The claim was allowed in part and judgment was entered for the amount found due. As in the present case, the judgment debtor tendered the plaintiff and his attorneys a check for the amount of the judgment in full settlement of the judgment. The check was accepted as tendered without objection and was paid. Thereafter, the judgment creditor appealed from the judgment, asserting error in failing to allow interest from the date on which each weekly installment of wages became due, in holding a part of the claim was barred by limitations, and in its determination of the number of hours worked. The court dismissed the appeal. The applicable rule is stated as follows (at pages 117–118):

"*  *  *  In view of these decisions the motion to dismiss the appeal presents only the question of whether one who has recovered a single judgment on a single claim, and who has accepted and retained substantially the amount of the judgment recovered, may thereafter appeal. We think the rule is firmly established that in the circumstances

stated the right of appeal is lost. 'Accepting the fruits of a judgment and thereafter appealing therefrom are totally inconsistent positions, and the election to pursue one course is deemed an abandonment of the other.' * * * "

The court then goes on to say (at page 118):

" * * * The rule should apply with especial force where, as here, the amount received under the judgment was tendered to and accepted by the judgment holder in full and final payment of the judgment from which he attempts to appeal. Smith v. Morris, 3 Cir., 69 F.2d 3, 4."

See Storley v. Armour & Co., 8 Cir., 107 F.2d 499, 504.

In Chicago, Milwaukee & St. Paul R. Co. v. Clark, 178 U.S. 353, 20 S.Ct. 924, 44 L.Ed. 1099, the Court discusses the consideration aspect of releases and, among other things, states (178 U.S. at pages 368–369, 20 S.Ct. at page 930):

"Without analyzing the cases, it should be added that it has been frequently ruled by this court that a receipt in full must be regarded as an acquittance in bar of any further demand in the absence of any allegation and evidence that it was given in ignorance of its purport, or in circumstances constituting duress, fraud, or mistake. * * * "

▆▆▆ When the law above stated is applied to the facts of this case, it is clear that the plaintiff has, for a valid consideration, released its cause of action upon which the judgment was based, and that the plaintiff has no further claim against the defendant for the appropriation of the spareribs. The interest, penalty, and attorney's fee are integral parts of the cause of action released. Moreover, the items involved in this attempted appeal were not excluded from the operation of the release.

The $7,375.28 draft was tendered to plaintiff through its attorneys by defendant's attorneys by a letter stating in part:

" * * * This draft is in full satisfaction of judgment entered on the November 5, 1957 jury verdict in the amount of $7,348.33 plus $26.-95 accrued interest through November 26, 1957."

The draft on its face contains the statement, "In full settlement of $7348.33 judgment plus $26.95 accrued interest entered on jury verdict of 11–5–57 in Civil No. 3090 in U.S. Dist. Court, Eastern Dist. of Arkansas, Western Division." It also describes by number the bond upon which plaintiff's claim was based and the number of plaintiff's claim. Under the heading of "Case Status" the "Yes" answer is checked under the subheadings of "Final Ind." and "Final Close." Upon the reverse side of the draft, immediately above the signature line for endorsement, are the following words, "Endorsement hereof constitutes release in full for items recited on the reverse hereof." Plaintiff and its attorneys endorsed the draft immediately below said printed release. Plaintiff deposited the said draft in its bank on December 16, 1957, and received the proceeds of the draft.

It is perfectly clear that defendant tendered its draft, just described, to plaintiff in full settlement of the cause of action which was merged in the judgment. A receipt in full was demanded by way of endorsement on the printed release form. The plaintiff accepted the draft without objection or reservation, signed the release endorsement, and collected the proceeds of the draft. By so doing plaintiff extinguished all its rights in the cause of action upon which the judgment was based.

▆▆▆ In 1 Am.Jur. Accord and Satisfaction, § 24, pages 225–226, it is stated:

"The creditor to whom a check is sent or other remittance made as payment in full has the option either of accepting it on the conditions on which it is sent, or of rejecting it. * * * The moment the creditor indorses and collects the check, with knowledge that it was offered only

upon condition, he thereby agrees to the condition and is estopped from denying such agreement. It is then that the minds of the parties meet and the contract of accord and satisfaction becomes complete. * * * "

The rule above stated is followed in Arkansas. Barham v. Bank of Delight, 94 Ark. 158, 126 S.W. 394, 27 L.R.A.,N.S., 439; Market Produce Co. v. Holland, 183 Ark. 711, 38 S.W.2d 317.

▮ Since the release was executed and delivered subsequent to the judgment, the trial court had no opportunity to pass upon the effect of the release. The plaintiff does not question the form of the draft or of the release printed thereon. The delivery, the endorsement, and the collection of the draft by plaintiff are not disputed. Consequently, it would appear that no fact controversy is involved as to the evidence bearing upon the release. There is nothing before us to indicate that the release was obtained by means of duress, fraud, or mistake. Plaintiff was represented in the release transaction by its attorneys who were entirely familiar with plaintiff's cause of action. It is our conclusion that, in the face of the release given, plaintiff is without standing to prosecute this appeal. Under such circumstances the appeal should be dismissed. Colquette v. Crossett Lumber Co., supra; Altman v. Shopping Center Bldg. Co., 8 Cir., 82 F.2d 521; Storley v. Armour & Co., supra.

▮ The circumstance that on March 4, 1958, several months after the delivery of the receipt, plaintiff, in response to defendant's demand that the judgment be satisfied of record, inserted in the satisfaction then entered a reservation that the satisfaction was without prejudice to right of appeal is of no significance. The validity and effect of the release must be determined by its terms and the evidence of what was said and done prior to its delivery. If a valid release was delivered in December of 1957, it could not be changed by plaintiff's unilateral modification in March of 1958.

We have not overlooked the fact that there are exceptions to the rule contained in the first part of the quotation from the Colquette case, supra. For a further discussion of the exceptions to the rule, see Altman v. Shopping Center Bldg. Co., supra; Annotation, 169 A.L.R. 985.

We have based our decision on the broad ground that plaintiff is barred by a valid release from further prosecuting its claim, and hence it is unnecessary to determine the narrower issue of whether plaintiff is barred from prosecuting the appeal by accepting the benefits of the judgment.

The appeal is dismissed.