Henry N. MEANS III *v.* NELLE GERTRUDE
BERGER TRUST, Twin City Bank of
North Little Rock, Arkansas, Trustee

CA 90-28                                        799 S.W.2d 556

Court of Appeals of Arkansas
Division II
Opinion delivered November 21, 1990

*Kay L. Matthews*, for appellant.

*John B. Thurman*, for appellee.

MELVIN MAYFIELD, Judge. This case was commenced by appellant, an attorney, to recover attorney's fees pursuant to a contingency contract with Nelle G. Berger. The case was submitted to the circuit judge upon the pleadings and a stipulation of facts. The stipulation states that in 1988 an *inter vivos* trust was established by Nelle Gertrude Berger, who thereafter died on December 22, 1988. According to a copy of the trust agreement, which is attached to appellant's complaint, Ms. Berger was the "settlor" of the trust into which virtually all of her assets were transferred. Prior to establishing the trust, Ms. Berger had retained the legal services of appellant to recover in excess of $50,000.00 alleged to be due from a third party as a result of a real estate transaction. Ms. Berger and appellant had agreed to a contingency fee of 35% of any net recovery.

Also, according to the stipulation, about two weeks after the trust was established the appellant wrote Ms. Berger a letter advising that a settlement had been reached for the recovery of $50,568.77 from the third party. His letter also noted that his fee was to be 35% but stated: "Since the case was not filed, I have

elected to reduce my fee to 25% of the net recovery, even though most of the work has been completed on your case." Shortly thereafter, the appellant wrote to the trustee and remitted appellant's own trust account check for $37,926.58, which represented the recovery less 25% for his fee. The trustee deposited the proceeds into the trust, Ms. Berger thereafter expired, and in May of 1989 (after Ms. Berger's death), the appellant commenced this action against the trust to recover the difference between a 25% fee and a 35% fee. The trustee denied any indebtedness, affirmatively pleaded accord and satisfaction, and alleged that appellant had, on his own motion, agreed to accept $12,642.19 in full settlement and satisfaction. Paragraph 5 of the parties' stipulation reads as follows:

> That the plaintiff voluntarily reduced his fee for services rendered under the said employment contract; that at the time plaintiff was paid for his service rendered, there was no dispute between the plaintiff and Mrs. Berger, nor the Trust, as to the amount of his fee, and plaintiff was paid the exact amount for his fee that he had requested from Mrs. Berger.

Another paragraph of the stipulation provides that a former neighbor and friend of decedent would testify to the facts set out in her affidavit which was attached to a motion for summary judgment filed by the appellant but not granted by the court. The affidavit essentially asserted that the appellant's fee reduction was simply a humanitarian attempt to help Ms. Berger's trust funds last during her lifetime.

After taking the matter under submission, the circuit judge found that appellant freely and voluntarily reduced his fee, that this reduced amount had been paid and accepted, and that the contract was completed and fully executed. The court, therefore, denied appellant's claim for relief; this appeal followed.

Appellant argues that the trial court erred in enforcing the modification of the contract because a subsequent agreement that modifies or changes an existing agreement must be supported by additional consideration. *Feldman* v. *Fox*, 112 Ark. 223, 164 S.W. 766 (1914); *Sorrells* v. *Bailey Cattle Company*, 268 Ark. 800, 595 S.W.2d 950 (Ark. App. 1980); and *Crookham & Vessels, Inc.* v. *Larry Moyer Trucking, Inc.*, 16 Ark. App. 214,

699 S.W.2d 414 (1985), are cited in support of this argument. Appellant also argues that a waiver must be supported by consideration, citing *United States ex rel. Gillioz* v. *John Kerns Construction Co.*, 50 F. Supp. 692 (E.D. Ark. 1943), rev'd 140 F.2d 792 (8th Cir. 1944) (holding the waiver was, in fact, supported by consideration). The appellant cites *Williams* v. *Davis*, 9 Ark. App. 323, 659 S.W.2d 514 (1983), for the proposition that a compromise and settlement is contractual in nature and to have legal validity must possess the essential elements of any other contract, and refers us to 1 C.J.S. *Accord and Satisfaction* § 2 (1985), which states that an accord and satisfaction "arises where parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed." Therefore, the appellant concludes that his acceptance of a lesser fee than was agreed to—after having fully completed his agreement—was not legally binding without additional consideration, and should not be binding since the death of Ms. Berger eliminated the humanitarian motivation upon which the fee reduction was made.

However, the appellee (trustee of the fund) cites *Miller* v. *Brown*, 222 Ark. 236, 258 S.W.2d 237 (1953), where the Arkansas Supreme Court held that an agreement by a creditor to accept a smaller sum in satisfaction of a debt for a larger sum, which was carried into execution by receipt of the money and the execution of a written, signed, acknowledged, and recorded release deed, was a valid and irrevocable act. The appellee also points out that Miller held the motivation of the creditor to be immaterial:

> Whether Mr. Evans who was without children, was motivated to accept in settlement a smaller amount than was legally due, by reason of his friendship for appellees, their many kindnesses, a sense of fairness, or a feeling that a 10% interest rate was exorbitant, we do not know, but the fact remains that he had a perfect right to make a settlement if mentally competent and not unduly influenced or overreached.

222 Ark. at 239-40, 258 S.W.2d at 239.

The appellant's reply brief attempts to distinguish the *Miller* case by pointing out that there is no deed in the case at bar

and that *Miller* relied upon *Gordon* v. *Moore*, 44 Ark. 349 (1884), which stated:

> We conclude, therefore, than [sic] an agreement by a creditor to accept a smaller sum in satisfaction of a debt, carried into execution by receipt of the money, and the execution of *a formal and postive* [sic] *instrument of release*, with all other acts essential to an absolute relinquishment of his right, is a valid and irrevocable act.

44 Ark. at 355 (emphasis added). Thus, the appellant contends that the *Miller* case does not support the trial court's decision in the present case. We note, however, that the court in *Miller*, after the above quote from *Gordon*, added "See, also, *Dreyfus* v. *Roberts*, 75 Ark. 354, 87 S.W. 641, 69 L.R.A. 823."

In *Dreyfus*, decided in 1905, the appellant's collection agency accepted $200.00 in payment of a judgment for $1,621.00, plus interest, and the collection agency sent the debtor a receipt which is set out in the opinion as follows:

> Dear Sir: We have your communication with enclosure as stated [which was the $200 check], and you may consider this a receipt and satisfaction in full of the account of S.G. Dreyfus & Company v. yourself for $1,621. We will immediately have judgment satisfied, as per your request. Very truly yours.

The collection agency failed to have the judgment satisfied as promised, and Dreyfus caused execution to issue on the judgment. The trial court enjoined Dreyfus from selling property it had levied upon and held the judgment had been satisfied. In affirming the trial court, the Arkansas Supreme Court began its opinion with a discussion of the decision in *Pinnel's Case*, 5 Coke 117a (1602), where Lord Coke, speaking for the Court of Common Pleas, said that the payment of a lesser sum in satisfaction of a greater amount due is not a satisfaction; "but the gift of a horse, hawk, robe, etc., in satisfaction is good." Actually, the payment in the case was held to be a good satisfaction because it was paid before it was due, and our supreme court in *Dreyfus* pointed out that Lord Coke's statement that acceptance of a lesser sum is not valid satisfaction of the whole debt due was *obiter dictum* "but this dictum of this great lawyer and jurist

established the doctrine at common law."

The opinion in *Dreyfus* also points out that the rule in *Pinnel's Case* has been criticized both in England and the United States. The opinion refers to the 1884 English case of *Foakes* v. *Beer*, 9 Appeal Cases, Law Reports, 605, where it was suggested that it would be an improvement if a release on payment of a lesser sum were held to be binding "though not under seal." Our supreme court then stated: "Thus it is seen that after three hundred years' experience in England the highest court of the realm says the law would be improved by not following Lord Coke's *dictum* in the Pinnel Case." After noting the American decisions and their willingness to limit the rule in *Pinnel's Case*, and in some cases to "completely cut away" from it, the opinion in *Dreyfus* traced the Arkansas decisions and concluded as follows:

> It is therefore held that when an agreement is fully executed to discharge a debt by the paymtnt [sic] of a smaller sum, and such discharge is evidenced, as it usually is, in practical business affairs, by a written receipt for the lesser sum in full satisfaction of the greater sum, it is "a valid and irrevocable act."

75 Ark. at 364-65, 87 S.W. at 644.

The *Dreyfus* case was cited in *Hamiter* v. *State National Bank*, 106 Ark. 157, 153 S.W. 94 (1913), where the court said:

> Again it is contended by counsel for appellants that the case of *Dreyfus* v. *Roberts*, 75 Ark. 354, is authority for the reversal of the judgment. There the court held that when an agreement to discharge a debt by the payment of a smaller sum is fully executed, and such discharge is evidenced by a written receipt for a lesser sum in full satisfaction of a greater, it is a binding release. Here the case is different. The allegations of the answer show that the original note given by appellants to appellee was not surrendered or delivered at the time the renewal note was executed, and the agreement in question was made, but it still remains in the hands of the appellee; therefore, the agreement in the present case was not fully executed, and the allegations of the answer do not bring it within the reasoning of that case.

106 Ark. at 160, 153 S.W. at 95. *Dreyfus* was also cited in *Little Rock Packing Co.* v. *Massachusetts Bonding & Insurance Co.*, 262 F.2d 327 (8th Cir. 1959), where the court, after discussing the holding in *Dreyfus*, said: "The Arkansas court has adhered to this position," citing *Miller* v. *Brown, supra,* in support of the statement. *See* 362 F.2d at 330.

We think the decisions discussed above make it clear that the letter in this case, written to Ms. Berger by the appellant, and the deposit in her trust fund of the proceeds of the check appellant sent to the trustee effected a final, binding, and valid settlement of the attorney's fee agreement between appellant and Ms. Berger. The *Feldman, Sorrells,* and *Crookham* cases, *supra,* cited by appellant, are cases where there was a modification or change in an existing contract. Thus, those cases correctly held there had to be new or additional consideration to support the new or additional agreement. However, in *Dreyfus* the question was whether the payment and acceptance of a lesser sum in full satisfaction for a greater amount which is due for a contract already performed will constitute a valid and binding settlement of the amount due. *Dreyfus* said the answer is "yes," if there is a "written receipt" for the lesser sum paid. (The last paragraph of the opinion left the question open as to the effect of a parol release.)

While the appellant places emphasis upon language in *Miller* v. *Brown, supra,* which referred to the execution of a "formal and positive instrument of release," that language was taken from *Gordon* v. *Moore* and simply described the release in that case. The *Miller* v. *Brown* opinion concluded by pointing out that "we are dealing here with a written, signed, acknowledged, and recorded release, which clearly distinguishes it from the *Cavaness* case, where no release whatever was given." *Miller* v. *Brown,* 222 Ark. at 240, 258 S.W.2d at 239. Again, this language simply described the release in that case. Also, the opinions in the *Gordon* and *Miller* cases were both trying to distinguish those cases from *Cavaness* v. *Ross,* 33 Ark. 572 (1878), where there was no receipt of any kind. In addition, the opinion in *Miller* said to "see also" *Dreyfus,* and in *Dreyfus* the receipt found sufficient to evidence the payment of a smaller sum in full satisfaction of a greater sum was simply a letter written by the collection agency to the debtor; and as we have already noted, the Eight Circuit Court

of Appeals in *Little Rock Packing Co.* v. *Massachusetts Bonding & Insurance Co., supra,* thought that *Miller v. Brown* adhered to the decision in *Dreyfus.*

It is, of course, the general rule that part payment of a liquidated debt is not sufficient consideration for the creditor's agreement that the debt is fully satisfied. 1 Williston, *A Treatise on the Law of Contracts* § 120 (3d ed. 1957). It is recognized, however, that "the application of the law of consideration to attempted discharge of liquidated claims has not infrequently been criticized by courts and law writers; and in a few jurisdictions the law has been changed by decision, or statute." *Id.* at 502-4. One case decision cited by Williston is *Rye v. Phillips,* 203 Minn. 567, 282 N.W. 459 (1938), where the court said the general rule "is one of the relics of antique law which should have been discarded long ago." The court also said:

> There is more than one ground of logic and good law upon which this old and indefensible rule may be discarded. There is no reason why a person should be prevented from making an executed gift of incorporeal as well as corporeal property. Why should a receipt in full for the entire debt not be taken in a proper case as sufficient evidence of an executed gift of the unpaid portion of the debt? Again, where there is proof, or on adequate evidence a finding, that a completed legal act such on a waiver has set a matter at rest, why is it necessary to search for any consideration?

203 Minn. at 570, 282 N.W. at 460. This case was followed in *Winter Wolff & Co.* v. *Co-op Lead & Chemical Co.,* 261 Minn. 199, 111 N.W.2d 461 (1961) and *Butch Levy Plumbing and Heating, Inc.* v. *Sallblad,* 267 Minn. 283, 126 N.W.2d 380 (1964).

Thus, Arkansas is not alone in its view of the law applicable to the issue in this case, and we are satisfied that view is supported by good and valid reasons. The trial court's judgment in this case is affirmed.

CRACRAFT and COOPER, JJ., agree.